[Crim. No. 1366.    First Appellate District, Division Two.—April 19, 1927.]

# THE PEOPLE, Respondent, v. RAYMOND W. CLAWSON, Appellant.

[1] CRIMINAL LAW — RAPE — FORCE AND VIOLENCE — RESISTANCE—DEFECTIVE INFORMATION—AMENDMENT TO CONFORM TO PROOF—JURISDICTION.—In a prosecution for rape, where the information charged that defendant "did . . . wilfully, unlawfully, feloniously ravish and carnally know . . . without the consent and against the will of" the prosecutrix, but such pleading was not attacked by special demurrer, and the whole cause was tried on the theory that the information properly pleaded force and violence on the part of defendant and resistance on the part of the prosecutrix, and the evidence tending to prove those facts was received without objection, and during the course of trial, and after the prosecution had rested and the cross-examination of defendant was about completed, the prosecution was granted leave to amend the information by adding the words "and with force and violence" after the word "feloniously," and also the allegation that the prosecutrix resisted and her resistance was overcome by force and violence on the part of defendant, the judgment of conviction was not reversible on the claim that the original information failed to charge any public offense and that the trial court, therefore, had no jurisdiction of either the person or the subject matter.

[2] ID.—PLEADING—AMENDMENT TO CONFORM TO PROOF—PREJUDICE—DISCRETION.—Section 1008 of the Penal Code, which permits an amendment to be made to an information after the defendant has pleaded "in the discretion of the court where it can be done without prejudice to the substantial rights of the defendant," permits an amendment to conform to the proof when that can be done without prejudice to the substantial rights of the defendant; and said code section is in accord with section 4½ of article VI of the constitution and with the rule of later decisions that mere technical errors in either pleading or procedure which do not in any way affect the substantial rights of the parties are not to be employed to defeat justice.

[3] ID.—AMENDMENT OF INFORMATION—DENIAL OF CONTINUANCE—DISCRETION.—In such prosecution for rape, where during the course of trial the defective information was amended to 'conform to the proof, which had been admitted without objection, and the information as amended conformed to every technical requirement of

2.  See 14 Cal. Jur. 91–93.

pleading, the trial court did not commit an abuse of discretion in denying defendant's motion for a continuance to enable him to present a futile demurrer to the amended information.

---

(1) 33 Cyc., p. 1441, n. 7.  (2) 17 C. J., p. 368, n. 5; 31 C. J., p. 827, n. 98.  (3) 16 C. J., p. 454, n. 37.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. Fred V. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. P. Henshall, C. M. Booth and G. B. Harris for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell for Respondent.

NOURSE, J.—The defendant was tried before a jury on an information charging rape. From the judgment following the verdict of guilty and from the order denying his motion for a new trial he has appealed on a typewritten record. The grounds of appeal are that the information was improperly amended during the course of the trial and that the defendant's motion for a continuance to enable him to plead to the amended information was improperly denied.

In the original information the district attorney charged the defendant "of the crime of rape committed as follows: . . . the said Raymond W. Clawson . . . did . . . wilfully, unlawfully, feloniously ravish and carnally know . . . without the consent and against the will of said ——." During the course of the trial, after the prosecution had rested and the cross-examination of the defendant was about completed, the court granted the state leave to add the words "and with force and violence" after the word "feloniously," and also the allegation that the prosecutrix resisted and her resistance was overcome by force and violence on the part of the defendant. Objection was made to this amendment by the defendant and when the amendment was allowed the defendant asked that he be arraigned on the amended information and that he be granted a continuance

to enable him to plead thereto. The objection was over-ruled upon the ground that the entire case had been heard upon the theory that force and violence was properly pleaded; that the amendment was made merely to conform to the proof; and that the facts proved disclosed that the defendant was not prejudiced by the amendment.

[1] Appellant premises his attack on the judgment upon the claim that the original information failed to charge any public offense and that the court, therefore, had no juris-diction of either the person or the subject matter. With this we cannot agree. It charged the commission of the crime of rape. It attempted to plead some of the facts which are made elements of that crime by section 261 of the Penal Code and in this respect, it is conceded, the pleading was faulty. If the question had been raised by special demurrer to the information there can be no doubt that an amendment would have been properly allowed in the form here made. Here the whole cause was tried on the theory that the information properly pleaded force and violence on the part of the appellant and resistance on the part of the prosecutrix. All the evidence tending to prove these issues was received without objection from the appel-lant and he had been given free rein in the presentation of his defense—that the act was committed with the consent of the prosecutrix and without force or resistance. [2] Section 1008 of the Penal Code permits an amendment to be made to an information after the defendant has pleaded "in the discretion of the court where it can be done with-out prejudice to the substantial rights of the defendant." This section is in accord with section 4½ of article VI of the constitution and with the rule of the later decisions that mere technical errors in either pleading or procedure which do not in any way affect the substantial rights of the parties are not to be employed to defeat justice, and it would seem to be the clear purpose of the section to per-mit an amendment of this character to conform to the proof when that can be done without prejudice to the substantial rights of the defendant. Here the appellant has not sug-gested how under any possible conception of the record he was in any way prejudiced by the amendment.

[3] The objection is also made that the trial court erred in denying appellant a continuance to enable him to plead

to the amended information. But here, again, there is no suggestion of prejudice. The amended information conforms to every technical requirement of pleading and it is apparent that if a continuance had been granted it could not have possibly resulted in any benefit to the appellant. The whole argument on this point is that appellant was denied his constitutional right to "plead," but the way was open for him to plead forthwith on the filing of the indictment. The granting of a continuance to allow him to present a futile demurrer to a confessedly good information was within the discretion of the trial court and we think that court properly exercised its discretion when it denied the request.

The appellant had a fair and impartial trial,—in fact the learned trial judge displayed to the defense unusual consideration and patience. The verdict of the jury was based upon clear and convincing proof which is not questioned on this appeal. We have carefully examined the entire record, including the evidence, and are satisfied that there has been no miscarriage of justice.

At the time of the oral argument the presiding justice, deeming himself disqualified under section 170a of the Code of Civil Procedure, withdrew from participation in the cause and the parties thereupon stipulated that any justice or judge who might be assigned to this department prior to the determination hereof might participate therein.

Judgment and order are affirmed.

Sturtevant, J., and Bartlett, P. J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 16, 1927.