[Crim. No. 34. Fourth Appellate District.—January 7, 1931.]

## THE PEOPLE, Respondent, v. GEORGE VAN BARON, Appellant.

Marke & Klenke for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

MARKS, J.—Appellant was charged by an information filed by the district attorney of Orange County with uttering, publishing and passing a forged check. He entered pleas of not guilty, and not guilty by reason of insanity. The jury found him sane, and guilty, and he prosecuted this appeal. He raises no question on the correctness of the proceedings on his plea of not guilty by reason of insanity.

The information charged the uttering, publishing and passing of a forged check in words and figures as follows:

"Santa Ana Iron Works 924 S. First Street
Voucher Check No. 661 Santa Ana, Calif.,
May 16th 1930 Pay to the order of Carl Swartz—*$36.00*—
*Thirty-six and 00 cts*——Dollars *Santa Ana Iron Works*
*L. A. Turner* 90—190 The Commercial National Bank of Santa Ana."

The information as originally filed did not contain the portion which we have italicized. Before the jury was impaneled the court permitted the district attorney to amend it by the interlineation of the italicized words and figures. The check introduced in evidence was dated May 17, 1930, instead of May 16, 1930, as alleged in the information. It did not bear the indorsement of Carl Swartz, the payee. Appellant has a long list of assignments of error, but they are all based on the amendment of the information, the lack of the indorsement of the check, and the variance in dates. For this reason it will not be necessary to consider all of the assignments of error separately.

It appears from the evidence that on May 17, 1930, appellant visited the store of the Stevens-Van Englen Company at Anaheim, California. He was waited upon by H. T. Outland, the store manager, and purchased a hat and tie of the value of $2.44, tendering the check in payment. It was accepted and he departed with the merchandise and $33.56 in money which he had received as change. The check did not bear the genuine signature of either L. A. Turner or the Santa Ana Iron Works, both being forged.

He was arrested within thirty minutes with a confederate who was also operating in the city of Anaheim. Appellant had passed other similar checks in Orange County. After his arrest he stated to several officers that he purchased the spurious checks in Los Angeles for ten dollars each from a well-dressed stranger whom he met on the street and whom he could not otherwise identify.

Section 1008 of the Penal Code provides in part as follows: ''An indictment or information may be amended by the district attorney without leave of court, at any time before the defendant pleads. The court may order its amendment for any defect or insufficiency, at any stage of the proceedings; and the trial shall continue as if it had been originally filed as amended, unless the substantial rights of the defendant would be prejudiced thereby, in which event a reasonable continuance, not longer than the ends of justice require, may be granted.''

Appellant made no objection to the trial court's granting the district attorney's request to amend the information. He made no request for a continuance after the amendment was made, but proceeded with the trial without objection or protest. He should not be allowed to complain of this procedure for the first time here.

The cases of *People* v. *Clawson,* 82 Cal. App. 422 [255 Pac. 552, 553], and *People* v. *Winthrop,* 88 Cal. App. 591 [264 Pac. 263], effectually dispose of this contention of appellant. In the Clawson case the court said: ''Section 1008 of the Penal Code permits an amendment to be made to an information after the defendant has pleaded 'in the discretion of the court where it can be done without prejudice to the substantial rights of the defendant'. This section is in accord with section 4½ of article VI of the Constitution and with the rule of the later decisions that mere technical errors in either pleading or procedure which do not in any way affect the substantial rights of the parties are not to be employed to defeat justice, and it would seem to be the clear purpose of the section to permit an amendment of this character to conform to the proof when that can be done without prejudice to the substantial rights of the defendant. Here the appellant has not suggested how under any possible conception of the record he was in any way prejudiced by the amendment.''

■ There is no merit in the contention that the forged check did not bear the indorsement of Carl Swartz, the payee. In this connection it should be remembered that appellant was charged with and convicted of the crime of uttering a forged instrument and not of forging it or of an indorsement upon it. There can be no question that the check bore the forged signature of the maker. There is sufficient evidence to sustain the conclusion that appellant knew that the check was forged and passed it with the intention of defrauding the Stevens-Van Englen Company. He actually passed the forged check and received its face value in merchandise and money. The cases of *People* v. *Sanders,* 82 Cal. App. 778 [256 Pac. 251], and *People* v. *Ryan,* 74 Cal. App. 125 [239 Pac. 419], are authority for holding that it was not necessary to either allege or prove the indorsement of the check by the payee named therein. '

■ The last point made by appellant is that there was a fatal variance between the allegations of the information and the proof in that the check was alleged to have been dated May 16, 1930, while the one introduced in evidence bore the date May 17, 1930. The mistake in the information was undoubtedly a clerical error. We think that the variance was immaterial as but one check was passed upon the Stevens-Van Englen Company and the one introduced in evidence was thoroughly identified as the check passed. In the case of *People* v. *Freeman,* 29 Cal. App. 543 [156 Pac. 994, 995], the information charged the passing of a check dated "3–2–1915". The evidence showed the check dated "3–12–1915". The court held the variance immaterial and said: "As we view the evidence, there could have been no question but that the check offered in evidence was the one by the use of which the crime charged was perpetrated; and we have no doubt at all but that the appellant would not be embarrassed in making proof under a possible subsequent charge made affecting the same check that he had theretofore been convicted of the crime, and hence had been once in jeopardy. It follows, then, that the variance was immaterial."

The evidence clearly establishes the guilt of appellant and there is no error in the record prejudicial to his substantial rights. After the pronouncement of judgment ap-

pellant made motions in arrest of judgment and for a new trial, both of which were denied. As the grounds relied upon by him in making these motions were based upon the three questions we have considered, no purpose could be served by further considering them.

The judgment and orders appealed from are affirmed.

Barnard, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 18, 1931.