[Crim. No. 1682. First Appellate District, Division Two.—November 1, 1932.]

THE PEOPLE, Respondent, v. JESSE C. RUMSEY, Appellant.

Jesse C. Rumsey, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton for Respondent.

STURTEVANT, J.—From a judgment convicting him of the crime of robbery and an order denying a new trial the defendant has appealed and has brought up typewritten transcripts.

Acting as his own attorney the defendant has filed briefs in which he makes the point that he was wrongfully deprived of a jury trial. To get an understanding of his claim it is necessary to consider the following facts. Under the amended indictment the defendant was accused of committing robbery on the twenty-ninth day of April, 1932. The indictment charged a prior conviction on the thirteenth day of December, 1906, and it also charged a prior conviction on the twenty-eighth day of December, 1921. On his arraignment the defendant, acting as his own attorney, entered a plea of not guilty. Later he was allowed to withdraw that plea and enter a plea of not guilty and not guilty by reason of insanity. Later he went to trial before a jury on his plea of not guilty. After the evidence had been introduced the trial court granted the defendant's motion advising a verdict in behalf of the defendant as to the second prior conviction. The jury returned a verdict finding the defendant guilty of robbery in the first degree and finding the defendant had suffered the prior conviction under date of December 13, 1906, and that the defendant had not suffered a conviction on the twenty-eighth day of December, 1921. Thereupon the jurors were excused until 10 A. M., July 7, 1932, but were directed to return into court to try the issue of insanity. However, on July 1, 1932, the district attorney, with the defendant still representing himself, appeared in court that the defendant might be arraigned for judgment. At that time the defendant made a motion that the jurors so directed to return on July 7, 1932, be excused. As recited in the minutes of the clerk: "Thereupon the court upon request of the defendant appointed James Toner, assistant public defender, or Joseph Trusty to appear as counsel for defendant after today's proceedings. Thereupon the defendant waived trial by a jury on the insanity issue." The reporter's transcript does

not contain a transcript of the reporter's notes, if any, of the proceedings had on July 1, 1932. Except as stated above, the record contains nothing purporting to recite what occurred on that date. At 10 A. M. on July 7, 1932, the defendant, Joseph M. Trusty, Esq., his attorney, the officers of the court, and the jurors were present as shown by the reporter's transcript. Continuing, the proceedings were as follows: ''The Court: Mr. Trusty, at the last calling of this matter the defendant waived a jury. Mr. Trusty: That is my understanding. . . . Yes, your Honor, at the time of the waiver the defendant, as I understand it, was conducting his own case, and a waiver by him at that time is a legal waiver, and I come in after, as I understand it, the jury has been waived and the matter is to be determined by your Honor. The Court: Let the record show in this case the defendant entered a plea of not guilty by reason of insanity, in addition to the plea of not guilty, and the defendant was found guilty by a jury as charged in the indictment and one prior was found not true and the other prior was found true, and the matter, by consent, was continued until this date for a presentation of the merits of the issue raised by the plea of the defendant, not guilty by reason of insanity. The Court will therefore call upon the defendant to present any evidence that he desires.'' As to the question before us we have quoted the entire record. Addressing himself to the record as so presented it is the claim of the defendant that he did not waive a jury. Article I, section 7, of the Constitution as amended in 1928, among other things, provides: ''The right of trial by jury shall be secured to all, and remain inviolate; . . . A trial by jury may be waived in all criminal cases, by the consent of both parties, expressed in open court by the defendant and his counsel. . . . '' Looking back over the record it is perfectly clear that Jesse C. Rumsey in open court declared that he waived a jury trial on the issue of insanity. By making that statement he consented. By the silence of the district attorney the People of the State of California consented. At the time that Jesse C. Rumsey addressed the court he was acting as his own attorney and his views were therefore ''expressed in open court by the defendant and his counsel''. All of the provisions of the Constitution as quoted above were duly and exactly

followed and a jury trial was waived. The defendant cites *People* v. *Wilkerson*, 99 Cal. App. 123, 127 [278 Pac. 466]. The case is not in point because in attempting to make the waiver Wilkerson stood silent and said nothing. *People* v. *Garcia*, 98 Cal. App. 702 [277 Pac. 747], is not helpful. It may be distinguished on the same grounds as the Wilkerson case.

▮ Still claiming that the issue of insanity should have been tried before a jury, the defendant cites and relies on sections 1026, 1042, 1201 and 1368 of the Penal Code and earnestly calls attention to the fact that the word ''must'' is used. As the defendant was being tried on the issue of insanity section 1026 was the controlling statute; but that section was enacted in 1927 [added by Stats. 1927, p. 1149, sec. 4]. When thereafter article I, section 7, of the Constitution was amended, expressly giving the right to waive a jury trial, the amendment changed the law as it had theretofore been expressed in section 7 of article I of the Constitution and also as it had been expressed in the statutes theretofore enacted. Furthermore, section 1026 expressly deals with trials on the issue of insanity. That section controls and not the other sections cited by the defendant.

The judgment and order are affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 16, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 1, 1932.