## THE PEOPLE v. JACINTO ARO.

An indictment must contain a statement of the acts constituting the offence.

An indictment for murder, charging that the accused, on or about a certain day, did willfully, feloniously, and with malice aforethought, kill, murder, and put to death a certain person with a pistol and knife, without specifying further the facts and the manner, is bad.

Murder is a conclusion of law, drawn from certain facts.

In an indictment for murder, the time of the death must be stated, so that it can be legally considered the consequence of the felony charged.

APPEAL from the District Court of the Fourteenth Judicial District, County of Plumas.

The defendant was tried and convicted of murder, on the following indictment:

" Jacinto Aro is accused by this indictment of the crime of murder, a felony committed as follows: the said Jacinto Aro did, on or about the second day of November, A. D. 1854, and before the .finding of this indictment, at or near a place formerly known as the Rock River House, in said county of Plumas, with a Colt's pistol and dirk-knife, willfully, feloniously, and with malice aforethought, kill, murder, and do to death, one (name unknown,) a Chinaman, against the form of the statute made and provided, and against the peace and dignity of the State of California."

Defendant appealed.

*Cole and Whiting,* for Appellant.

*Wm. T. Wallace, Attorney General,* for the State.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

The record in this case comes before us in such a loose and imperfect manner, that we are unable to consider many of the errors assigned by the prisoner's counsel. There is no statement or bill of exceptions, properly authenticated, and the attempted appeal upon the merits is characterized by an ignorance of the former rulings of this Court, and a recklessness of human life reprehensible in the extreme.

There is, however, one point arising upon the judgment roll which fully justifies a reversal, and an arrest of what might otherwise properly be considered a judicial murder. It has been erroneously supposed by many of the profession, that the adoption of our criminal code of procedure worked an entire abolition of all the rules which the wisdom of the common law had thrown around criminal proceedings for the safety of the citizen, and that the only defence against a prosecution is to be found in the statute. Such, I apprehend, was never the intention of the Legislature; the main object to be obtained by them was the simplification of practice and pleading in criminal cases, by removing the rubbish and unmeaning technicalities resorted to, and invented by, the judges in England; to shield the accused against the rigor of punishment, which, though sanctioned by law, was relaxed by the humanity of the bench, and which, so far from accomplishing the end proposed, was found to defeat justice, by permitting the escape of the guilty, rather than protecting the innocent. It was against these, the age and reason of their employment having long since passed away, that the statute was mainly directed, leaving those rules which were founded in principle to a great extent unchanged.

There is little or no difference between the requirements of an indict-

ment at common law, and under our statute, except in the manner of stating the matter necessary to be contained.

The indictment in this case charges the accused with the crime of murder, "committed with a Colt's revolver and Bowie knife," but contained no description of the offence, or statement that the deceased came to his death by the wounds inflicted, or the day of his death.

Murder is a conclusion drawn by the law from certain facts, and in order to determine whether it has been committed, it is necessary that the facts should be stated with convenient certainty : "for this purpose the charge must contain a certain description of the crime of which the defendant is accused, and a statement of the facts by which it is constituted, so as to identify the accusation, lest the grand jury should find a bill for one offence, and the defendant be put on his trial in chief for another." This is necessary, so that the prisoner may know of what crime he is accused, and have time to prepare his defence on the facts. It is also necessary, that the jury may be warranted in their finding, the Court in its judgment, and the prisoner be protected against any subsequent prosecution for the same offence. 1 Chitty Criminal Law, 170 ; Willis v. The People, 1 Scammon, 401.

The necessity of a statement of the facts and circumstances constituting the offence still exist, and is directly recognized by the 237th section of the statute, which provides that the indictment shall contain "a statement of the acts constituting the offence," etc., as well as the precedent given in the statute, which points out how such facts shall be charged. In this particular, at least, it may be safely said that our statute has not altered the common law, and no one, I apprehend, would maintain, that under the old system of practice, either in England or the United States, the allegation of a legal conclusion, instead of the facts which are the predicate of a conclusion, ever had been held sufficient. In addition to these views, it has already been stated that the day of the death is not laid, which ought to have been done, that the Court could be informed whether such death occurred in the time provided by law, so that it might be legally considered as the consequence of the assault or felony charged.

For these reasons, the judgment is reversed, and the cause remanded, with directions to the Court below to hold the prisoner in custody, until a new indictment can be found.