[Crim. No. 1776.  Second Appellate District, Division Two.—May 9, 1929.]

THE PEOPLE, Appellant, v. TONY GARCIA, Respondent.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, Buron Fitts, District Attorney, and Tracy Chatfield Becker and William R. McKay, Deputies District Attorney, for Appellant.

C. L. Belt, E. S. Green and Henry G. Bodkin, *Amicus Curiae* for Respondent.

CRAIG, J.—The respondent was charged by information filed by the district attorney of Los Angeles County with the crimes of grand theft and a violation of the Motor Vehicle Act. On the date set for trial the respective counsel announced that a trial by jury was waived. Witnesses were sworn and testified, and the court found the defendant guilty of grand theft only. Three days thereafter a motion for a new trial was filed, which was granted, upon the ground that the defendant had not personally announced, or consented to, a trial without a jury, and that his counsel was without authority alone so to do. The People appealed from said ruling, urging as reasons for reversal that the Penal Code does not authorize the granting of a new trial upon the ground asserted, that the defendant waived the right to a jury by submitting to the jurisdiction of the court, and that in any event section 4½ of article VI of the constitution requires that the judgment be restored because there was no miscarriage of justice in finding him guilty upon the evidence adduced.

Section 1042 of the Penal Code provides that: "Issues of fact must be tried by jury, unless a trial by jury be waived in criminal cases not amounting to felony." Prior to 1927 section 7, article I, of the constitution provided that: "A trial by jury may be waived in all criminal cases not amounting to felony, by the consent of both parties, expressed in open court." The term "parties" is defined by section 684 of the Penal Code as meaning the People of this state and the person charged with the offense, and it has been held that it does not include counsel for the defendant. (*People* v.

*Jung Qung Sing,* 70 Cal. 469 [11 Pac. 755].) Under the constitution and statutes as then existing it was repeatedly held that neither the defendant nor his counsel could waive the right to a jury trial in a felony case. (*People* v. *Deegan,* 88 Cal. 602 [26 Pac. 500]; *People* v. *Metropolitan Surety Co.,* 164 Cal. 174 [Ann. Cas. 1914B, 1181, 128 Pac. 324]; *Ex parte Bracklis,* 52 Cal. App. 274 [198 Pac. 659]; *People* v. *Nakis,* 184 Cal. 105 [193 Pac. 92]; *Amos* v. *Superior Court,* 196 Cal. 677 [239 Pac. 317].) In 1927 the section of the constitution above mentioned was amended to embrace all criminal prosecutions, upon certain specified conditions, as distinguished from civil proceedings. It reads as follows:

"The right of trial by jury shall be secured to all, and remain inviolate; but in civil actions three-fourths of the jury may render a verdict. A trial by jury may be waived in all criminal cases, by the consent of both parties, expressed in open court by the defendant and his counsel, and in civil actions by the consent of the parties, signified in such manner as may be prescribed by law. In civil actions and cases of misdemeanor, the jury may consist of twelve, or of any number less than twelve upon which the parties may agree in open court." (See Stats. 1927, p. 2367.)

The inviolate constitutional right to a trial by twelve of his peers, whose verdict upon conviction must be unanimous, is secured to every person charged with a felony.

The legislature may prescribe the methods of procedure in this respect in civil cases, but in criminal actions involving charges of felony, the sovereignty represented by one of its regularly designated members, as district attorney, and the defendant, may waive a trial by jury by expressing in open court their intention to that effect, and in this waiver the defendant's counsel must join. From previous rulings and the express language of the constitution, it is at once obvious that this inviolate constitutional right may not be taken away in disregard of the fundamental legal privilege and power of election guaranteed to the party charged, by attempting to vest in his representative the dual capacity and authority of counsel and accused. Not only is the constitution explicit as to the parties who may consent to waive a trial by jury, but it is equally definite as to the form in which the consent must be given, for the provision is

that it must be "expressed in open court." Nothing could be more clear than this language. To say that a mere failure to object to the trial proceeding without a jury is sufficient is to ignore the plain mandate of the constitution in its use of the phrase last above quoted.

Although apparently not heretofore ruled upon in this state, the question presented has in other jurisdictions, and we think properly, been urged as a ground for new trial. Sections 1181 of our Penal Code provides that a new trial may be granted upon either of several specified grounds, one of which is error in the decision of any question of law arising during the course of the trial. In numerous instances our supreme court has held 'that every step after an issue of fact is joined, up to and including the rendition of a verdict or judgment, must be regarded as a step or proceeding "arising during the course of the trial." (*People* v. *Turner*, 39 Cal. 370; *Green* v. *Duvergey*, 146 Cal. 379 [80 Pac. 234]; *Alpers* v. *Hunt*, 86 Cal. 78 [21 Am. St. Rep. 17, 9 L. R. A. 483, 24 Pac. 846]; *Slow* v. *Superior Court*, 178 Cal. 140 [172 Pac. 598]; *People* v. *Galloway*, 202 Cal. 81 [259 Pac. 332].) In *Hasey* v. *McMullen*, 109 Minn. 332 [123 N. W. 1078], it was held that an order denying a jury when the case was called in its regular order upon the calendar, was an "error of law occurring at the trial," and a proper subject of a motion for new trial. In *Alley* v. *State ex rel. Blenzinger*, 76 Ind. 94, the same rule was applied. It is quite apparent that the respondent was deprived of a constitutional right which he did not waive in the manner required by the organic law of this state, and that the order entered pursuant to an attempted but abortive waiver was error which the trial court had power to rectify upon a motion for new trial.

The order appealed from is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 24, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 5, 1929.

All the Justices concurred.