[Crim. No. 1825. Second Appellate District, Division Two.—September 17, 1929.]

THE PEOPLE, Respondent, v. JOE SPINATO et al., Appellants.

Leo Youngworth for Appellants.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

CRAIG, J.—The appellants were charged with having committed felonies in the county of San Bernardino, and were convicted. They appeal from the judgments, and, having assigned as a ground for reversal the fact that neither of them personally expressly waived a jury, and contending that they were thus deprived of their constitutional rights, we shall first consider this point. It appears that their counsel and the district attorney stipulated in open court that a trial before the court without a jury be had, but the defendants were not asked, nor did they state, whether or not they desired a jury. In *People* v. *Garcia,* 98 Cal. App. 702 [277 Pac. 747, 748], upon an appeal by the People from an order granting a new trial, this court held that an attempted waiver of a jury by counsel without an expression to that effect by the defendant was not sufficient under our statute. It is here insisted on behalf of the People that the point is raised by the defendants, upon appeal only, and that under the decisions of federal and other state courts an express waiver of this constitutional right by counsel in the presence of the defendants should be held an implied waiver by them, and sufficient to satisfy the constitutional and statutory provisions. Section 7, article I, of the Constitution, as amended in 1927 (Stats. 1927, p. 2367), provides as follows:

"The right of trial by jury shall be secured to all, and remain inviolate; but in civil actions three-fourths of the

jury may render a verdict. A trial by jury may be waived in all criminal cases, by the consent of both parties, expressed in open court by the defendant and his counsel, and in civil actions by the consent of the parties, signified in such manner as may be prescribed by law. In civil actions and cases of misdemeanor, the jury may consist of twelve, or of any number less than twelve upon which the parties may agree in open court.''

As was said in *People* v. *Garcia, supra,* prior to the amendment the right of trial by jury in felony cases could not be waived, and under the decisions of this state a waiver in misdemeanor cases by consent of ''both parties,'' as provided for by section 684 of the Penal Code, did not include the defendant's counsel. It was concluded in that case that the expression in the section of the Constitution above mentioned, ''consent of both parties, expressed in open court by the defendant *and* his counsel,'' required the expression in open court not only by the defendant's counsel, but by the defendant in person. In this regard it was further said:

''The legislature may prescribe the methods of procedure in this respect in civil cases, but in criminal actions involving charges of felony, the sovereignty represented by one of its regularly designated members, as district attorney, *and the defendant,* may waive a trial by jury by expressing in open court their intention to that effect, and in this waiver the defendant's counsel must join. From previous rulings and the express language of the Constitution, it is at once obvious that this inviolate constitutional right may not be taken away in disregard of the fundamental legal privilege and power of election guaranteed to the party charged, by attempting to vest in his representative the dual capacity and authority of counsel and accused. Not only is the Constitution explicit as to the parties who may consent to waive a trial by jury, but it is equally definite as to the form in which the consent must be given, for the provision is that it must be 'expressed in open court.' Nothing could be more clear than this language. To say that a mere failure to object to the trial proceeding without a jury is sufficient is to ignore the plain mandate of the Constitution in its use of the phrase last above quoted.''

Of *Kearney* v. *Case*, 12 Wall. (U. S.) 275 [20 L. Ed. 395], and *United States* v. *Harris*, 106 U. S. 631 [27 L. Ed. 290, 1 Sup. Ct. Rep. 601, 606, see, also, Rose's U. S. Notes], cited by the respondent, it is sufficient to observe that neither of them suggests that the constitutional right to a jury trial may be waived in a felony case in a federal court. In the first, a civil case, the question presented was as to whether or not a waiver of jury sufficiently appeared as required by the statutes to enable the Supreme Court of the United States to review the rulings of the lower court. In *United States* v. *Harris, supra,* the constitutionality of a statute attempting to denounce certain acts a public offense was involved, and the question arose as to whether or not the certificate of division of opinion was sufficient to enable the Supreme Court to consider the matter. By way of illustration *Kearney* v. *Case, supra,* and other decisions were cited, as to the proper method of presenting the record, but this was merely incidental to the discussion of the merits. The court concluded: ''We are, therefore, of opinion that the request by counsel of the United States for a certificate of division is sufficiently shown by the record in this case, and that our jurisdiction is clear.'' In this regard section 649 of the Revised Statutes (Barnes' Federal Code, sec. 1329 [28 U. S. C. A., sec. 773]) is mentioned, but said section relates exclusively to civil cases, and requires that the waiver of a jury must be stipulated in writing. The same may be said of *Wayne County* v. *Kennicott,* 103 U. S. 554 [26 L. Ed. 486]. Other authorities cited by the respondent hold that immunity from second jeopardy may be expressly or impliedly waived, that one may waive a jury in civil and misdemeanor cases, and one charged even with murder may waive a trial and plead guilty. In the instance last mentioned it was said that the right of trial ''is not so sacred but that it may be waived by legislative consent.'' (*Oborn* v. *State,* 143 Wis. 249 [31 L. R. A. (N. S.) 966, 126 N. W. 737].) In *Hurtado* v. *California,* 110 U. S. 516 [28 L. Ed. 232, 4 Sup. Ct. Rep. 111, 292, see, also, Rose's U. S. Notes], it was held that if a defendant be presented by information rather than by indictment, other proceedings being regular, he is not deprived of any constitutional guaranty. Other rulings to the effect that in misdemeanor cases, if counsel plead not guilty for the defendant it will be pre-

sumed that the latter was present (*People* v. *Cline*, 83 Cal. 374 [23 Pac. 391]), and that if no objection be made to a trial without a jury, it will be held upon appeal that the jury was waived when the question is then raised for the first time. (*State* v. *Graves*, 161 Minn. 422 [201 N. W. 933].) We think, however, that these authorities are all beside the issue. It is not contended, nor are we aware of any rule, that a person charged with a felony may not waive counsel, or venue, or the right to a trial by jury, or even the trial itself by pleading guilty. Nevertheless, in none of the foregoing cases has it been said that a sacred constitutional guaranty will be presumed to have been renounced in a felony case when the Constitution prescribes the only method by which one standing charged may be tried, and it is admitted that he was not advised by court or counsel and did not comply with such provisions.

The issue here presented, and one which was necessarily involved and finally determined in the Garcia case, is not whether a jury may be waived, but how it may be waived. ■ We repeat what was said in that decision, that where, as in this instance, the Constitution has prescribed the method and form of such waiver, it cannot be otherwise accomplished. ■ Where, as here, an express consent is required, no implied consent will suffice. The provision of our Constitution now in question expressly requires that the "parties" shall, irrespective of counsel, state their willingness to be tried without a jury, and the defendant must be joined in such waiver by his counsel. Hence, we hold that an expression to that effect by counsel is not sufficient. The mandate of the Constitution that a defendant shall express in open court his consent, does not authorize a delegation of that privilege, nor is it satisfied by the assertion that he did not by objection or otherwise express his dissent.

The judgment is reversed, and the cause remanded for a new trial.

Works, P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 2, 1929.