[Crim. No. 1797.   Second Appellate District, Division Two.—October 22, 1929.]

THE PEOPLE, Respondent, v. OWEN E. WYATT, Appellant.

Henry G. Bodkin for Appellant.

U. S. Webb, Attorney-General, and James ·S. Howie, Deputy Attorney-General, for Respondent.

CRAIG, J.—■ The determinative question upon this appeal has recently been decided, and we need not here for the purposes of a ruling thereon discuss the facts involved. Appellant was charged by information with grand theft, the pleading consisting of eight counts or separate alleged offenses. His counsel at the opening of the trial announced that "the defendant consents and requests that the case be tried by the court sitting without a jury," to which the. district attorney also consented. The defendant did not personally express any consent to a trial by the court or waiver of his right to a jury. The attorney-general confesses error on behalf of the People, and upon the authority of *People* v. *Garcia,* 98 Cal. App. 702 [277 Pac. 747], and *People* v. *Spinato,* 100 Cal. App. 600 [280 Pac. 691], the judgments and order appealed from must be reversed.

■ It is further contended by the appellant that he was convicted of grand theft upon the theory that he stole the property in controversy, whereas the evidence tended to show that it was obtained by trick and device, and that the judgments should be reversed upon that ground. It is argued that the complainants signed written instruments of conveyance under which they parted with their property, and for which they received certain money as consideration; that if made under misrepresentation and through fraud practiced by the defendant, the contract was voidable, and that a tender and rescission would be necessary to repossession, or they might affirm the contract and sue for damages, in which event no crime would have been committed, for the reason that title had passed. However, the theory of the prosecution, which there is evidence tending to support, was as stated by the trial judge, that the signatures and certain notes secured by trust deeds were obtained by false pretenses as to the purposes of the transactions. According to testimony of the People's witnesses, and the findings of the court, Wyatt obtained them under the subterfuge that he was securing a loan and required them as collateral security, whereas in fact he intended to and did obtain the notes for the purpose of selling them, and depriving the complainants thereof. Since there was a substantial conflict in this respect we cannot say as a

matter of law that the trial court erred. It is not a question which can be determined upon appeal. If the complaining witnesses were induced to part with their property with the understanding and intention that title thereto should remain, contingent upon the repayment of a loan, with the right to repossession, the defendant's undisclosed intention to dispose of the property became felonious when consummated, and his asserted theory of defense would not be conclusive.

■ Error is assigned to certain rulings of the trial court excluding conversations between the defendant and his counsel during the negotiations which led to the filing of criminal charges, offered for the purpose of rebutting evidence asserted to have shown criminal intent. We think the rule stated in *Wood* v. *Etiwanda Water Co.*, 147 Cal. 228 [81 Pac. 512, 514], is here applicable. In that case the appellant complained of a ruling admitting such evidence, and the Supreme Court said: "The communication or advice of an attorney to his client may, however, be given in evidence by the consent of the client. (Code Civ. Proc., sec. 1881, subd. 2.) . . . 'Whenever evidence of the motive or intent with which an act was done is relevant, direct testimony is admissible, although of course not conclusive evidence of such motive or intent.' (11 Am. & Eng. Ency. of Law, 2d ed., p. 507.)" Under the facts presented by the record in the instant case, while such evidence would not be binding upon the court or jury, it may be received for their consideration in conjunction with all of the other evidence before them.

The judgments and order denying a new trial are reversed.

Works, P. J., concurred.

Thompson (Ira F.), J., deeming himself disqualified, did not participate in the foregoing decision.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 6, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 21, 1929.

All the Justices concurred.