[Crim. No. 2207. Second Appellate District, Division Two.—September 21, 1932.]

THE PEOPLE, Respondent, v. BENJAMIN J. WOODS, Appellant.

William G. Kenney and John E. Glover for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

- CRAIG, Acting P. J.—The appellant was tried before the superior court sitting without a jury, and was found guilty, upon a charge of having violated section 112 of the California Vehicle Act.

■ It is contended by the appellant and conceded by counsel for the People that the record fails to disclose any proceedings before the court below which constituted an express waiver by the defendant or by his counsel of a trial by jury. The transcript does disclose a notation of "jury having been waived", and of the following inquiry and response: "The Court: Has the jury been waived? Mr. Glover: Yes, your Honor, we waived the jury over in Department 22." At the conclusion of the trial it appears that the court stated previously to passing sentence: "At both trials you joined the prosecution, the district attorney, in waiving a jury trial; the case was tried before the court without a jury. After evidence was received, the court finds that you are guilty of the offense as alleged in the information. Have you any legal cause now to show why judgment should not be pronounced against you? The defendant: No, sir." It is suggested on behalf of the respondent that the observation of the trial court, relying upon the statement of the defendant's counsel, might justify an assumption that a jury was in fact waived, under the rule that all intendments are in favor of the regularity of the proceedings.

Section 7, article I, of the Constitution provides in such cases: "A trial by jury may be waived in all criminal cases, by the consent of both parties, expressed in open court *by the defendant* and his counsel. . . . " No authority in this state of which we are aware tends to suggest that a departure from the strict construction of this constitutional provision may be justified. It would seem that an assumption of waiver from counsel's remark that a jury had been waived can be afforded no greater weight than an express waiver by counsel who may have been authorized to speak for a defendant. As to such delegation of authority the decisions have consistently held that the accused must personally express consent to proceed without a jury. In *People* v. *Spinato,* 100 Cal. App. 600 [280 Pac. 691], quoting from *People* v. *Garcia,* 98 Cal. App. 702 [277 Pac. 747], the rule was expressed in the following language: "From previous rulings and the express language of the Constitution, it is at once obvious that this inviolate constitutional right may not be taken away in disregard of the fundamental legal privilege and power of election

guaranteed to the party charged, by attempting to vest in his representative the dual capacity and authority of counsel and accused. Not only is the Constitution explicit as to the parties who may consent to waive a trial by jury, but it is equally definite as to the form in which it must be 'expressed in open court'." And further: "The issue here presented, and one which was necessarily involved and finally determined in the Garcia case, is not whether a jury may be waived, but how it may be waived. We repeat what was said in that decision, that where, as in this instance, the Constitution has prescribed the method and form of such waiver, it cannot be otherwise accomplished."

The contention that the *corpus delicti* was not supported by sufficient evidence aside from the defendant's admissions is untenable. There was positive evidence of the operation of the automobile in question in violation of the statute, and such evidence was not disputed.

The contention that the trial court erroneously denied the defendant the right to file an application for probation is also admitted by the respondent, and requires no discussion. It follows that the judgment must be reversed.

Judgment reversed.

Thompson (Ira F.), J., and Stephens, J., *pro tem.*, concurred.