[Crim. No. 3027.   First Dist., Div. Two.   Feb. 7, 1955.]

THE PEOPLE, Respondent, v. ALFRED PECHAR, Appellant.

Wainwright & Racanelli and Harry S. Wainwright for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Respondent.

DOOLING, J.—Defendant appeals from a judgment of conviction of violating Penal Code, section 288, rendered by the court sitting without a jury. At the outset appellant presents the argument that the record does not show a waiver of jury trial in the manner provided in article I, section 7 of the California Constitution, which requires such waiver to be "expressed in open court by the defendant and his counsel." This has been construed repeatedly to require an express as distinguished from an implied consent to the waiver by the defendant personally, as well as by his counsel. (*People* v. *Garcia,* 98 Cal.App. 702 [277 P. 747]; *People* v. *Wilkerson,* 99 Cal.App. 123 [278 P. 466]; *People* v. *Spinato,* 100 Cal.App. 600 [280 P. 691]; *People* v. *Woods,* 126 Cal. App. 158 [14 P.2d 313]; *People* v. *Washington,* 95 Cal.App. 2d 454 [213 P.2d 70].) ▇▇ The right to trial by jury in a criminal case is a sacred one and accordingly the method of waiver provided in the Constitution must be strictly followed. For this reason "it is necessary that the defendant personally express in open court that he consents to a waiver of trial by jury." (*People* v. *Washington, supra,* 95 Cal. App.2d p. 455.) ▇▇ Even in civil cases statutes providing for waiver of jury trial must be strictly followed. (*People* v. *Metropolitan Surety Co.,* 164 Cal. 174 [128 P. 324, Ann. Cas. 1914B 1181].)

The reporter's transcript showed no expression of waiver by defendant personally. It showed only a waiver by appellant's counsel and by the district attorney. The record showed in this respect the following:

"The Court: Does the defendant waive trial by jury?

"Mr. Wainwright (Appellant's attorney): Yes, sir.

"The Clerk: Do you consent, Mr. District Attorney?

"Mr. Rudden: Surely."

A motion to augment the record was granted by this court on the affidavit of Mr. Rudden, the prosecuting attorney, that when the court asked "Does the defendant waive trial by jury?" and after his counsel answered "Yes, sir," the defendant "moved his head downward in a nodding motion." This affidavit was supported by one of the trial judge to the effect that, while he had no independent recollection, it has been his custom always to require affirmative action from the defendant personally waiving a jury. From the custom the trial judge concluded: "It is my sincere belief that this custom was followed in the case of *People* v. *Pechar*. . . ."

Affidavits of appellant and his attorney were filed in which they asserted that they had no recollection of appellant moving his head as stated in Mr. Rudden's affidavit.

Appellant argues that the language of the Constitution "*expressed* in open court by the defendant" can only be satisfied by the defendant's consent given verbally. The attorney general argues that consent may be "expressed" by conduct clearly indicating consent as well as by words. The verb "express" can bear both meanings. It is defined in Webster's New International Dictionary, 2d edition: "To represent in words, utter; as to *express* an opinion" (so far the definition refers to verbal expression only, but it continues) "hence, to make known or manifest; to give or convey a true impression of . . . to show; signify . . ." (definitions which may be satisfied by other than verbal communication).

The real problem is which meaning of "expressed" was intended when the Constitution was amended in 1928 to permit the waiver of a jury trial in criminal cases.

The common method of conducting all court proceedings is by the use of language. The Constitution requires all court proceedings to be conducted in the English language (Cal. Const., art. IV, § 24) and where a witness does not understand and speak the English language an interpreter must be sworn to interpret for him (Code Civ. Proc., § 1884). The careful trial judge and the careful attorney always admonish a witness who attempts to answer a question by a motion of the head to put his answer into words "so that the reporter can get it." ▮ The purpose of requiring the consent to the waiver to be *expressed* by the defendant in open court is to make it clear beyond any possibility of doubt

that the defendant did affirmatively waive his constitutionally guaranteed right to trial by jury.

The facts of this case illustrate the uncertainty which can arise if the waiver is indicated by the defendant in any other way than by the use of language. One person, the prosecuting attorney, swears that he remembers that the defendant "moved his head downward in a nodding motion." The other three, including the trial judge, have no recollection of this having occurred. The court reporter made no record of any such action (the affidavits are in dispute as to whether the reporter could see the defendant at the time). If the defendant had waived the jury verbally such a situation would not be likely to arise. To this may be added the fact that any motion of the head or body must be *interpreted* by the one who sees it. It is much more liable to misinterpretation or differences of interpretation than an expression in words.

The attorney general suggested on oral argument that if the waiver of a jury trial must be expressed in words no deaf-mute could ever waive a jury trial. This is not so. A deaf-mute who spells out his words by the use of his fingers is expressing his thoughts in words as truly as any normal person who uses his vocal chords in oral speech.

Having in mind the sanctity of the right to trial by jury in criminal cases and the evident purpose of the constitutional provision that no defendant should be deprived of that right unless he unequivocally and personally expressed his consent to such waiver in open court, we have concluded that such waiver must be expressed by the defendant in the manner which can involve no question of misinterpretation, doubt or uncertainty at the time or afterwards, i.e., that such waiver must be by the use of language.

The case is a close one depending entirely on the testimony of a 5-year-old child but our conclusion on the question of waiver of trial by jury makes it unnecessary to consider the other points raised.

Judgment reversed.

Nourse, P. J., and Kaufman, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied March 9, 1955.