[Crim. No. 3209.   First Dist., Div. One.   Apr. 12, 1956.]

THE PEOPLE, Respondent, v. PAUL ROBERT BENJAMIN, Appellant.

Arthur D. Klang, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Emmet J. Seawell, Deputy Attorney General, for Respondent.

PETERS, P. J.—The defendant, after a trial before the court without a jury, was convicted of a felony. He appeals, contending that the record shows that at no time did he personally waive a jury trial. There is no need to summarize the record in detail because both appellant and respondent agree upon what occurred. Suffice it to say that the case, with appellant's consent, was continued many times. At one of these hearings the appellant personally waived his right to go to trial within 60 days. Thereafter, with consent, several other continuances were granted. When the case finally came on for trial apparently everyone involved assumed, contrary to the fact, that there had been a waiver of a jury trial. At most, the record shows an ambiguous waiver by appellant's counsel, but it fails to show a waiver by appellant, personally. Such personal waiver is essential. Article I, section 7, of the state Constitution provides, in part, that:

"... A trial by jury may be waived in all criminal cases,

by the consent of both parties, expressed in open court by the defendant and his counsel.''

The cases decided under this section hold that the constitutional mandate requires an express waiver by the defendant personally and by his counsel, and that the section prohibits any implied waiver being found by the courts. (*People* v. *Garcia,* 98 Cal.App. 702 [277 P. 747]; *People* v. *Spinato,* 100 Cal.App. 600 [280 P. 691]; *People* v. *Barba,* 100 Cal.App. 557 [280 P. 549]; *People* v. *Woods,* 126 Cal. App. 158 [14 P.2d 313]; *People* v. *Wilkerson,* 99 Cal.App. 123 [278 P. 466]; *People* v. *Wyatt,* 101 Cal.App. 396 [281 P. 629]; *People* v. *Washington,* 95 Cal.App.2d 454 [213 P.2d 70]; *People* v. *Pechar,* 130 Cal.App.2d 616 [279 P.2d 570].)

There are no cases to the contrary.

The judgment is reversed and the cause remanded for a new trial.

Wood (Fred B.), J., concurred.

BRAY, J.—I reluctantly concur because of the many cases narrowly construing article I, section 7 of the Constitution. The right to jury trial is one of the most important and valuable rights guaranteed to a citizen and should not be denied. However, when, as here, it is obvious that everyone at the trial, judge, counsel and the defendant, assumed that a trial by jury had been waived, and the plaintiff's counsel and the defendant and his counsel proceeded to trial before the judge and without calling the court's attention to the error, it seems to me that a reasonable interpretation of their acts is that the jury was waived ''by the consent of both parties, expressed in open court by the defendant and his counsel . . .'' No one is more anxious than I to protect the rights of a defendant who has been forced to a trial without a jury or who unknowing of his rights or through inadvertence, has consented to a trial without a jury. But society itself needs some protection from a defendant who, as here, was content to be tried (and his lawyer was content to have him tried) by the judge until he found the judge's decision adverse to him, and then for the first time calls attention to the fact that he had not formally waived a jury trial. To hold that the language of the Constitution was not met by the action of all concerned, is as technical and unrealistic as the holding in *People* v. *Aro,* 6 Cal. 207, 208 [65 Am. Dec. 503], where although the indictment charged that the

accused did "with a Colt's pistol and dirk-knife, willfully, feloniously, and with malice aforethought, kill, murder, and do to death one (name unknown) a Chinaman," the court held the indictment defective because it contained no "statement that the deceased came to his death by the wounds inflicted . . ." (P. 209.)

A reappraisement of the meaning of article I, section 7 should be made so that it is impossible for a defendant and his lawyer to cause a judicial farce, as here.

Respondent's petition for a hearing by the Supreme Court was denied May 9, 1956.