[Crim. No. 2751.   Third Dist.   June 24, 1957.]

THE PEOPLE, Respondent, v. JOHN E. TERRY, Appellant.

James B. Thompson, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier and J. M. Sanderson, Deputy Attorneys General, for Respondent.

SCHOTTKY, J.—This is an appeal from a conviction of burglary in the second degree. The information charged that "The said John E. Terry did on or about the 30th day of October, 1956, . . . wrongfully, willfully, and unlawfully enter the attic of Seybold's Tavern with intent to commit larceny therein, . . ."

Upon arraignment Mr. Robert W. Anderson was appointed by the court to defend appellant. Through counsel the appellant stated that he was ready to plead and waived the reading of the information. The clerk's transcript contains two references to the waiver of a jury trial. At page 6 thereof: "When questioned by the Court, defendant in person pleads 'not guilty' of offense as charged in the information, and through counsel pleads 'not guilty by reason of insanity' and waives trial by jury." On page 13 of the clerk's transcript the following appears: "This case comes on regularly for trial on defendant's plea of 'not guilty' before Hon. J. F. Good, Judge, sitting without a jury, jury having been waived in open court by the defendant, . . ."

The court appointed and ordered two psychiatrists to examine the appellant to determine whether he was mentally ill.

The appellant was tried by the court, sitting without a jury, and found guilty as charged. The case was then continued for determination of appellant's plea of "not guilty by reason of insanity."

The court, sitting without a jury, found the appellant sane at the time of commission of the offense and adjudged him guilty as charged.

Appellant, through counsel appointed by this court, makes a number of contentions in arguing for a reversal of the judgment, chief among which are (1) that the evidence is insufficient to support the conviction and judgment, because, although appellant was unlawfully in the attic, there is no substantial evidence to support a finding that he entered there with the specific intent to commit larceny; (2) that appellant was improperly denied a jury trial, because a jury trial must

be waived by both the accused and defense counsel and a waiver by counsel alone is not sufficient.

The evidence may be summarized as follows: On the evening of October 29, 1956, Mr. Donald Seybold was tending bar at Seybold's Tavern. About 10:30 p. m. the appellant came into the bar and ordered a 7-Up. Appellant remained in the bar for about half an hour during which time he went to the rest room several times, matched with Mr. Seybold for the phonograph and lost, and attempted to create an argument with other patrons, without success. He left the bar around 11 p. m.

Around midnight appellant again entered the bar and proceeded directly to the rest room. He walked hurriedly through the bar and looked back over his shoulder, watching the bartender. Thereafter, Mr. Seybold heard something bump an air duct in the attic over the bar, and although Mr. Seybold did not see appellant in the attic, he stated that he knew where he was. He checked the rest room and found that appellant was not there. Mr. Seybold waited approximately an hour before summoning the police.

Entrance could be gained to the attic through an opening in the ceiling in the men's rest room. There was no door covering the opening, and there was nothing of value in the attic which could be carried away.

Although the officer called as a witness identified himself and called to appellant without receiving an answer, upon shining his light around he discovered appellant coiled up in a small recess, and when he shined his light in appellant's face and told him to come out, appellant stated ''Okey, I'm coming, I'm coming.'' The appellant obeyed the order and gave no resistance. When appellant was asked what he was doing in the attic he replied that he ''was inspecting the plumbing.'' A search of the appellant failed to reveal any weapons or any property belonging to Mr. Seybold. Appellant was taken to the police station, and he pretended to be drunk but dropped this pretense after being inside the station.

Officer Clark testified that on the morning after his arrest appellant stated that he did not remember anything because he had ''blacked out.''

Appellant testified that he didn't remember going into the attic or being in Seybold's Tavern at any time during the time in question. The last thing he remembered was that he heard voices, and that ''they was trying to kill me, trying to poison

me.'' Appellant was also unable to recall anything which transpired after he entered the attic until he awoke the next morning in jail. When asked if he had gone into the attic to hide from the voices, appellant testified, ''No because I don't tell . . . I don't tell. I just try to fight it out because they would think I was real crazy or something.'' After being placed in jail, appellant tried to commit suicide by cutting his throat.

We cannot agree with appellant's contention that the evidence is not sufficient to show an intent to commit theft. We believe that such an intent can well be inferred from the evidence that appellant watched the bartender as he made his way to the rest room; that he concealed himself almost completely in the attic at an hour so near to closing time, and refused to answer the police officer's calls; that he gave a false explanation for his being in the attic; that he had no money at the time of his arrest; and that he feigned intoxication when taken to the police station after his arrest.

As stated in *People* v. *Kittrelle,* 102 Cal.App.2d 149, at page 156 [227 P.2d 38] :

''The intention with which an accused enters the house of another is a question of fact and where the circumstances of a particular case and the conduct of the accused reasonably indicate his purpose in doing so is to commit a larceny or any felony a verdict of guilty of the crime of burglary will not be disturbed on appeal. (*People* v. *Swenson,* 28 Cal.App. 2d 636, 639-640 [83 P.2d 70] ; *People* v. *Winters,* 93 Cal. 277, 282 [28 P. 946].)''

We think the evidence is clearly sufficient to support an inference that appellant entered and hid himself in the attic with the intent to commit larceny after the tavern had closed at 2 o'clock, and while the evidence might also support an inference that appellant was attempting to hide from those imaginary people whom he claimed were trying to do him harm, there is only a conflict which has been decided against appellant.

Appellant's second contention that he did not express in open court his waiver of a jury trial is more serious and requires a reversal of the judgment.

The minutes of November 9, 1956, as hereinbefore set forth, state: ''When questioned by the Court, defendant in person pleads 'not guilty' of offense as charged in the information, and through counsel pleads 'not guilty by reason of insanity' and waives trial by jury.'' And the minutes of December

4, 1956, state: "This case comes on regularly for trial on defendant's plea of 'not guilty' before Hon. J. F. Good, Judge, sitting without a jury, jury having been waived in open court by the defendant. . . ." There is nothing further in the record as to the proceedings at the time of the arraignment on November 9th.

Appellant contends that the only reasonable construction of the minutes of November 9th is that defendant through counsel waived trial by jury. We agree with this contention. The later entry in the minutes at the time the case came on for trial, reciting "jury having been waived by the defendant," can only properly be construed as referring to the so-called waiver of November 9th.

The most recent decision dealing with this issue is *People* v. *Barnum,* 147 Cal.App.2d 803 (hearing denied), in which the court said at page 808-809 [305 P.2d 986]:

"Article I, section 7 of the state Constitution provides, in part, that: 'A trial by jury may be waived in all criminal cases, by the consent of both parties, expressed in open court by the defendant and his counsel.' It has been held repeatedly that the consent of the defendant must be expressed by him personally and may not be implied (*People* v. *Garcia,* 98 Cal. App. 702 [277 P. 747]; *People* v. *Wilkerson,* 99 Cal.App. 123 [278 P. 466]; *People* v. *Barba,* 100 Cal.App. 557 [280 P. 549]; *People* v. *Spinato,* 100 Cal.App. 600 [280 P. 691]; *People* v. *Wyatt,* 101 Cal.App. 396 [281 P. 629]; *People* v. *Woods,* 126 Cal.App. 158 [14 P.2d 313]; *People* v. *Washington,* 95 Cal. App.2d 454 [213 P.2d 70]; *People* v. *Shannon,* 110 Cal.App. 2d 153 [241 P.2d 1007]; *People* v. *Pechar,* 130 Cal.App.2d 616 [279 P.2d 570]; *People* v. *Benjamin,* 140 Cal.App.2d 703 [295 P.2d 477]). In each of these cases in which a petition for hearing before the Supreme Court has been filed such petition has been denied. In *People* v. *Pechar,* 130 Cal.App. 2d 616, 619 [279 P.2d 570], the court held that the consent of a defendant waiving a trial by jury must be expressed 'by the use of language.' "

It is clear from the foregoing authorities that the record must show clearly and affirmatively that the defendant personally and "by the use of language" expressly waived a trial by jury.

Respondent concedes that if it is determined by this court that appellant did not express in open court his waiver of a jury trial, then reversible error was committed. We are satisfied that the record in the instant case shows that the waiver

of a jury trial was by appellant's then counsel and that appellant did not personally and "by the use of language" waive a trial by jury. Our conclusion upon this issue makes it unnecessary to discuss the remaining contentions of appellant.

The judgment is reversed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.