[Crim. No. 6354.   Second Dist., Div. One.   May 5, 1959.]

THE PEOPLE, Respondent, v. MOSES AARON WALKER, Appellant.

Moses Aaron Walker, in pro. per., for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Respondent.

LILLIE, J.—An information was filed against the defendant charging him with a violation of section 11500, Health and Safety Code, in that he had "in his possession a preparation of heroin." He was arraigned and entered thereon a plea of not guilty. On the day of trial, in open court, defendant and his counsel both expressly waived his right to a trial by jury. After a short interval during which the lower court dealt with other matters, the case was called for trial, at which time the district attorney moved to amend the information, by way of interlineation, to charge sale of heroin in lieu of possession, representing to the court that the evidence taken at the preliminary hearing would support the amendment. Defendant's counsel then stated: "Well, I don't like to have an information amended on the eve of trial that way, but the defendant and I have talked the situation over, and he told me he does not want anything to happen that will delay the trial, so I won't make any objection." The court thereupon allowed the amendment and the record reveals it was effected by crossing out the words "have in his possession" and substituting the word "sell," by interlineation. Immediately thereafter, the trial commenced before the court sitting without a jury. Defendant was found guilty of selling heroin as charged in the amended information and sentenced to the state prison. From the judgment of conviction, defendant appeals.

At no time was defendant arraigned on the amended information, given the opportunity to plead thereto or have a jury trial thereon. Defendant did not file a motion for a new trial.

Appellant contends that the trial court erred first, in permitting the amendment and second, in depriving him of his right to a trial by jury on the amended charge.

Since the sufficiency of the evidence to support the verdict is not in issue, there appears to be no reason for a discussion of the evidence except to state that it discloses beyond doubt that defendant sold to a deputy sheriff one-half ounce of heroin for $125. Defendant did not see fit to testify or offer any evidence on his own behalf.

In connection with his first contention, appellant argues that the trial court could not properly allow the district

attorney to amend the information to allege a different charge (sale), because the testimony at the preliminary examination reveals the commission of another offense (possession); and that he was tried on a charge not reflected in the evidence taken before the committing magistrate.

Although under ordinary circumstances the question before the reviewing court is whether the trial judge abused his discretion in allowing the amendment (*People* v. *Stoddard* 85 Cal.App.2d 130 [192 P.2d 472]), the record before us does not present this issue.

Section 1009, Penal Code, permits amendment at any stage of the proceedings as long as it does not "charge an offense not shown by the evidence taken at the preliminary examination," even though a different offense is charged. (*People* v. *Walker*, 82 Cal.App.2d 196 [185 P.2d 842]; *People* v. *Cryder*, 90 Cal.App.2d 194 [202 P.2d 765].) After amendment the proceedings shall then continue "unless the substantial rights of the defendant would be prejudiced thereby" (Pen. Code, § 1009).

For this court to determine whether the amendment was supported by proof given at the preliminary hearing, it is necessary that the record on appeal contain a transcript of the evidence taken at the preliminary examination. No such transcript is before us. In the absence thereof, then this court must indulge all presumptions in favor of the judgment (*People* v. *Seitz*, 100 Cal.App. 113 [279 P. 1070]), and assume the amendment did not change the offense to one not shown in the evidence taken at the preliminary hearing (*People* v. *Thompson*, 3 Cal.App.2d 359 [39 P.2d 425]).

In any event, at the time the district attorney sought to amend the information, he stated: "The proof, I am sure, will be conceded as shown in the preliminary hearing to substantiate that amendment." To this, defense counsel made no challenge and voiced no objection, but permitted the amendment in order to avoid a delay in trial. More compelling is the fact that not only did defendant's counsel refrain from interposing an objection to the People's request to amend, and fail to move for a continuance, but after discussing the situation with the defendant, affirmatively expressed to the trial judge defendant's desire that there be no delay; and because he wanted an immediate trial would make no objection. This conduct is such as to preclude defendant from now, for the first time, raising objection to the lower court's

order allowing the amendment (*People* v. *Van Baron,* 111 Cal.App. 48 [295 P. 68]). It is well settled that where an amended pleading is filed by the district attorney in open court pursuant to statute, and the accused being present offers no objection, makes no motion for continuance, and nothing is called to the trial court's attention to show that by making such amendment the substantial rights or any rights of the defendant are prejudiced, he may not for the first time raise the point on appeal. (*People* v. *Jones,* 25 Cal.App.2d 517 [77 P.2d 897]; *People* v. *Beck,* 71 Cal.App.2d 637 [163 P.2d 41]; *People* v. *Severino,* 122 Cal.App.2d 172 [264 P.2d 656]).

Nor do we find merit in appellant's contention that he was deprived of an arraignment and plea on the amended information. █ Where an information is amended, regular and orderly procedure requires the defendant be rearraigned and required to plead thereto before trial. In early years this was mandatory (*People* v. *Clement,* 4 Cal.Unrep. 493 [35 P. 1022]; *People* v. *Moody,* 69 Cal. 184 [10 P. 392]), but the rule has been relaxed that if the defendant makes no demand or objection and is convicted upon a trial without having entered a plea the objection that there was no plea is waived and is unavailable to him. (Fricke, California Criminal Procedure, p. 141.) █ Although section 1009 based upon section 1008, amended in 1951, provides that ''defendant shall be required to plead to such amendment or amended pleading forthwith,'' we perceive here no violation of defendant's substantial or constitutional right or any prejudice to him because his plea was not entered to the amended charge, for he secured all the advantages of a plea of not guilty regularly entered. The cause proceeded to trial on his plea to the offense alleged in the original information and defendant at all times received the benefit of a plea of not guilty, since the cause was tried as though such a plea had been interposed to the amended information. Defendant's substantial rights suffered no detriment by reason of the failure to repeat the plea (*People* v. *Hall,* 220 Cal. 166 [30 P.2d 23]). Under these circumstances, we are inclined to treat the failure to make the formal plea as a mere irregularity which in no manner or degree affected or impinged upon defendant's substantial rights (*People* v. *Bryant,* 101 Cal.App. 84 [281 P. 404]). █ In addition, the record is silent concerning any objection before the lower court interposed by defendant to having the trial proceed without the entry of a new plea. He may not now complain

on review where the error is not prejudicial (*People* v. *Rice,* 29 Cal.App.2d 614 [85 P.2d 215]).

▮ However, quite another problem arises out of the failure of the court to allow defendant a trial by jury on the charge contained in the amended information. True, defendant had properly waived his right to a jury trial on the charge of "possession" of heroin and without further discussion thereon he permitted, by his silence, the charge of "sale" to be heard by the court sitting without a jury. However, the offense of "sale" contained in the amended pleading is separate and distinct from that of "possession" alleged in the original information, on which defendant was entitled to a jury trial which he could not waive by mere silence and acquiescence.

▮ Although possession and sale both arise out of section 11500, Health and Safety Code, under the circumstances at bar it is clear that the offenses of sale and possession of narcotics are separate and distinct crimes (*People* v. *Richardson,* 152 Cal.App.2d 310 [313 P.2d 651]; *People* v. *Abair,* 102 Cal. App.2d 765 [228 P.2d 336]). ▮ Although possession does not require sale, on the other hand sale, under ordinary circumstances, includes the element of possession, constructive or actual. ▮ Furthermore, sale of heroin is a far more serious offense than that of possession, and one who argues that it is not is unrealistic in his approach to law enforcement. It is well known that our trial courts generally treat a peddler of narcotics with much more severity than one who merely has them in his possession. It is not unreasonable to assume because of this that, although an accused might be willing to waive a jury on a charge of possession, he would not care to do so on the grave offense of sale.

▮ Conceding, of course, that a trial by jury may be waived by an accused (*People* v. *Donnelly,* 95 Cal.App.2d 595 [213 P.2d 502]), and that defendant did so in connection with the original information charging possession, it is likewise true that article I, section 7, California Constitution, providing for the waiver must be strictly followed (*People* v. *Washington,* 95 Cal.App.2d 454 [213 P.2d 70]; *People* v. *Pechar,* 130 Cal.App.2d 616 [279 P.2d 570]). ▮ It requires for a valid waiver that the accused personally, and by use of language, expressly waive a jury trial in open court (*People* v. *Terry,* 152 Cal.App.2d 75 [312 P.2d 709]). Article I, section 7, California Constitution, provides in part: "The

right of trial by jury shall be secured to remain inviolate, . . . A trial by jury may be waived in all criminal cases by consent of both parties, expressed in open court, by the defendant and his counsel.'' This provision has been construed to require an express, as distinguished from an implied, consent to the waiver by defendant personally as well as by his counsel (*In re Adams*, 160 Cal.App.2d 454 [325 P.2d 107]; *People v. Pechar*, 130 Cal.App.2d 616 [279 P.2d 570]; *People v. Benjamin*, 140 Cal.App.2d 703 [295 P.2d 477]; *People v. Barnum*, 147 Cal.App.2d 803 [305 P.2d 986]; *People v. Terry*, 152 Cal.App.2d 75 [312 P.2d 709]; *People v. McDaniel*, 157 Cal. App.2d 492 [321 P.2d 497]). ██ Since a waiver cannot be predicated on an implied consent, it is obvious that no valid waiver occurs where defendant merely fails to object to the trial of his case without a jury. This is true even where counsel for both parties stipulate that a jury trial is waived. (*People v. Garcia*, 98 Cal.App. 702 [277 P. 747]; *People v. Spinato*, 100 Cal.App. 600 [280 P. 691].) See also *People v. Shannon*, 110 Cal.App.2d 153 [241 P.2d 1007], wherein judgment against one defendant was reversed because he did not expressly consent even though he sat silently through a court trial without objection.

██ Respondent argues that since defendant properly waived his right to a trial by jury on the possession charge, the waiver thereafter can be withdrawn only at the discretion of the trial judge and defendant made neither a motion to withdraw the same, nor during the trial raised objection that the original waiver did not apply to the charge on which he was being tried. There is here no question pertaining to a withdrawal of the waiver, since with the People's abandonment of the original information by way of amendment also went the defendant's plea thereto, and waiver of a jury thereon. The amendment establishes a new, separate and distinct offense, far more serious in nature than the one originally alleged, and with this new pleading there arose the right to an arraignment thereon, plea and jury trial. The record before us does not disclose a waiver of that right in accord with the constitutional provision. Having in mind the sanctity of the right to a trial by jury in criminal cases and the evident purpose of the constitutional provision that no defendant should be deprived of that right unless he unequivocally and personally expresses his consent to such a waiver in open court, it is our view that the judgment and commitment are void.

For the foregoing reasons the judgment is reversed and the cause remanded for a new trial.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied June 2, 1959, and respondent's petition for a hearing by the Supreme Court was denied July 1, 1959.