[Crim. No. 6635. In Bank. July 1, 1960.]

THE PEOPLE, Respondent, v. NATHAN BOYD HOLMES, Appellant.

Lionel Richman, under appointment by the District Court of Appeal, and James C. Williams, under appointment by the Supreme Court, for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Ernest E. Sanchez, Deputy Attorney General, for Respondent.

GIBSON, C. J.—Defendant was tried without a jury and found guilty of selling narcotics in violation of former section 11500 of the Health and Safety Code.[1] The decisive question raised by this appeal is whether he waived a trial by jury in the manner required by the California Constitution. We have concluded that he did not.

Our Constitution declares that the right of trial by jury shall be secured to all and remain inviolate. Prior to 1928 this right could not be waived in a criminal case in which the defendant was charged with a felony. In that year the Constitution was amended, and section 7 of article I now provides, "A trial by jury may be waived in all criminal cases, by the

---

[1] The provisions of former section 11500 of the Health and Safety Code relating to the sale of narcotics are now contained in sections 11501 and 11531 of the code.

consent of both parties, expressed in open court by the defendant and his counsel. . . .''[2]

When this case was called for trial the following occurred:

MR. McCORMICK [Deputy Public Defender]: Defendant is ready, your Honor.

MR. AISENSON [Deputy District Attorney]: People are ready, your Honor. . . .

THE COURT: Is this to be a jury trial?

MR. McCORMICK: No, I believe it will be a court trial.

THE COURT: All right, take the waiver.

MR. AISENSON: Nathan Boyd Holmes, is that your true and correct name?

THE DEFENDANT: Yes.

MR. AISENSON: Mr. Holmes, do you understand you have been charged in indictment 250814 with the crime of selling heroin, do you understand that?

THE DEFENDANT: Yes.

MR. AISENSON: And do you further understand that you have a right to a trial by jury to determine whether or not you are guilty or innocent of that charge?

THE DEFENDANT: Yes.

MR. AISENSON: And do you also know that it is stated in the same information that you have been previously convicted of a felony pertaining to narcotics; do you understand that?

THE DEFENDANT: Yes.

MR. AISENSON: Do you understand that you have a right to trial by jury to determine whether or not that is true or not?

THE DEFENDANT: Yes.

MR. AISENSON: Counsel joins in the waiver?

MR. McCORMICK: I join in the waiver.

MR. AISENSON: People join in the waiver.

THE COURT: All right, are you ready to proceed in this case?

MR. AISENSON: Yes, your Honor. . . .

 Defendant did not express in words a waiver of his right to a jury trial, and it has been uniformly held that the

---

[2]Section 7 of article I of the Constitution provides: "The right of trial by jury shall be secured to all, and remain inviolate; but in civil actions three-fourths of the jury may render a verdict. A trial by jury may be waived in all criminal cases, by the consent of both parties, expressed in open court by the defendant and his counsel, and in civil actions by the consent of the parties, signified in such manner as may be prescribed by law. In civil actions and cases of misdemeanor, the jury may consist of twelve, or of any number less than twelve upon which the parties may agree in open court."

waiver must be so expressed and will not be implied from a defendant's conduct. (*People* v. *Walker,* 170 Cal.App.2d 159, 165-166 [338 P.2d 536]; *In re Adams,* 160 Cal.App.2d 454, 455-456 [325 P.2d 107]; *People* v. *Terry,* 152 Cal.App.2d 75, 79-80 [312 P.2d 709]; *People* v. *Barnum,* 147 Cal.App.2d 803, 808-809 [305 P.2d 986]; *People* v. *Benjamin,* 140 Cal.App.2d 703 [295 P.2d 477]; *People* v. *Pechar,* 130 Cal.App.2d 616, 617 et seq. [279 P.2d 570]; *People* v. *Shannon,* 110 Cal.App. 2d 153, 155 [241 P.2d 1007]; *People* v. *Washington,* 95 Cal. App.2d 454, 455 et seq. [213 P.2d 70]; *People* v. *Woods,* 126 Cal.App. 158, 159-160 [14 P.2d 313]; *People* v. *Wyatt,* 101 Cal.App. 396, 397 [281 P. 629]; *People* v. *Spinato,* 100 Cal. App. 600, 601 et seq. [280 P. 691]; *People* v. *Barba,* 100 Cal. App. 557, 558 [280 P. 549]; *People* v. *Garcia,* 98 Cal.App. 702, 704 et seq. [277 P. 747]; see *People* v. *Redwine,* 166 Cal.App. 2d 371, 376-377 [333 P.2d 188]; *People* v. *Wilkerson,* 99 Cal. App. 123, 127 [278 P. 466].)

Experience has shown that there is sound reason for this requirement. If the waiver were left to implication from conduct, there would be a danger of misinterpretation with respect to a right the importance of which requires there be certainty. Moreover, appellate courts would be faced with the burdensome task of determining whether the facts of the particular case warrant such an implication, whereas trial courts, without any difficulty, can eliminate doubt and safeguard the rights of both the defendant and the People by obtaining express statements from the defendant, from his attorney, and from the prosecuting attorney not merely as to whether a trial by jury is desired but specifically that a jury is or is not waived.

The judgment and order denying a new trial are reversed.

Traynor, J., Schauer, J., McComb, J., Peters, J., White, J., and Dooling, J., concurred.

Respondent's petition for a rehearing was denied July 27, 1960.