[Crim. No. 5999.   Second Dist., Div. Two.   Oct. 22, 1957.]

THE PEOPLE, Respondent, v. LEONARD BROOKS, Appellant.

Gordon & Garcia for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

FOX, J.—Defendant was convicted of petty theft with a prior conviction of petty theft (Pen. Code, § 666) and sentenced to the state prison. He has appealed from the judgment.

On January 16, 1957, employees of the Sav-On Drug Store, located at 3660 West Santa Barbara, in Los Angeles, noticed that two cases of Charter Oak Whiskey were missing. At the

beginning of the day there were nine cases stacked in front of a cooler in the drug store's liquor department. The sales records and the testimony of the employees showed that no cases of Charter Oak Whiskey had been sold during the day; and no one had been given permission to take any of the cases. Nevertheless, it was observed in the late afternoon that only seven cases were still there.

On the same day two police officers observed a car at the intersection of Sixth and Ceres Streets, in Los Angeles, being driven by one Robert Bolden, and in which defendant was the only passenger. It was Officer McCormick's opinion that the car made an illegal left turn, so he stopped the car. He noticed that the car had one license plate in front and two in the rear, one of the latter being a commercial plate. From outside the vehicle Officer McCormick saw two cases of Charter Oak Whiskey on the back seat of the car. Bolden stated that he had just purchased the liquor. Defendant said nothing at that time. The officer took Bolden and defendant to the police station.

While at the police station the next morning, defendant volunteered a statement to this effect: At approximately noon on January 16, 1957, Bolden picked up defendant and took him to a clinic for treatment of his feet; the two of them left the clinic at about 2 p.m. and drove directly to the Sav-On Drug Store; defendant waited in the car while Bolden went into the store and returned with a case of whiskey; defendant then went in, stood at the liquor counter until "the girl with the pony tail" went down to the other end, then picked up a case of whiskey and took it to the car; Bolden and defendant removed the labels from the two cases, then drove away and tried unsuccessfully to sell the whiskey at three different places; and shortly thereafter they were apprehended.

Defendant testified that he was suffering from some sores on his skin and that after his arrest the only thing he could think of was getting a doctor. Having been to the county jail previously, he knew that he would receive medical treatment there. He thus asserted that he made the confession only in order to receive prompt medical attention.

Defendant's first contention is that trial by jury was not properly waived. Article I, section 7 of our Constitution provides that "A trial by jury may be waived in all criminal cases, by the consent of both parties, expressed in open court

by the defendant *and his counsel.* . . ." (Emphasis added.) In this connection the record discloses the following:

"Mr. Moore [Counsel for defendant] : The defendant desires to waive his right to trial by jury, your Honor.

"The Court: Do you want a Court trial or jury trial?

"The Defendant: I'd like a Court trial.

"The Court: Do the People join in that waiver?

"Mr. Busch: The People join in that waiver." .

Defendant's argument is that his counsel did not expressly waive trial by jury. This contention is without merit. An identical situation occurred in *People* v. *Noland,* 30 Cal.App. 2d 386, 388 [86 P.2d 363], and the court held that a valid waiver was made by defendant's counsel. *People* v. *Pechar,* 130 Cal.App.2d 616 [279 P.2d 570], and other cases cited by defendant are distinguishable. In each of them it was the waiver by *defendant* which was subject to doubt. Clearly, if the defendant unequivocally expresses his waiver of a jury trial in the presence of his counsel and his counsel thereafter continues to represent him throughout the trial without indicating any objection, then his counsel has in effect joined in the waiver.

Defendant's next contention is that the corpus delicti was not established so as to warrant introduction of his confession. ■ "Proof of the corpus delicti does not require proof of the identity of the perpetrators of the crime, nor proof that the crime was committed by the defendant." (*People* v. *Cobb,* 45 Cal.2d 158, 161 [287 P.2d 752].) All that need be shown before a confession is admissible is that a crime has been committed by someone. (Id.) ■ Thus, the evidence that two cases of Charter Oak Whiskey were missing, that they had not been sold, and that no one had been given permission to take them from the store, sufficiently established the corpus delicti of the crime of theft. (*People* v. *Kross,* 112 Cal.App.2d 602, 609 [247 P.2d 44].) Defendant's confession was therefore admissible. (*People* v. *Cobb, supra,* p. 162.)

■ Defendant's third contention is that the evidence was insufficient to support the verdict. Defendant's confession and the evidence that a theft had been committed amply support the verdict. Moreover, the employees of the drug store testified that certain dates appeared on the cartons containing the whiskey. These dates corresponded to dates found on the cartons in the possession of defendant and Bolden. The trier of fact could thus readily infer that the whiskey found in the

automobile with defendant was owned by the drug store and had been stolen by defendant.

Defendant's final contention is that "the evidence was obtained as the result of an unlawful arrest, search and seizure." His theory is apparently that the arresting officer had no probable cause to believe that a felony had been committed when he stopped the car in which defendant was a passenger. He does not dispute the fact that the officers lawfully stopped the vehicle for a traffic violation. But he contends that the ensuing arrest, search and seizure were illegal. ■ However, defendant has failed to appreciate the fact that looking through a window does not constitute an unreasonable search. (*People* v. *Martin*, 45 Cal.2d 755, 762 [290 P.2d 855]; *People* v. *Hen Chin*, 145 Cal.App.2d 583, 586 [303 P.2d 18]; *People* v. *Moore*, 140 Cal.App.2d 870, 871 [295 P.2d 969].) Officer McCormick had stopped the automobile for a traffic violation and, from outside the car, he saw the cases of whiskey on the back seat. Thus, there was no unlawful search.

■ As to the question of unlawful seizure, it is apparent that the cases of whiskey came into the possession of the officers as a result of their arrest of Bolden. He was the driver of the car and it was his actions which caused the police to stop the car and observe the whiskey in the back seat. As an incident of his arrest the whiskey was seized; the tags on the cases disclosed that Bolden was the arrestee on a charge of suspicion of grand theft (Pen. Code, § 487, subd. 1). No question was raised as to the legality of Bolden's arrest; under such circumstances it must be presumed that his arrest was proper (*People* v. *Beard*, 46 Cal.2d 278, 280 [294 P.2d 29]), and that the seizure incident thereto was lawful.

■ While the whiskey was thus properly in the possession of the police the defendant (Brooks) confessed to his part in the theft. Because of his confession the police were justified in retaining the whiskey and offering it in evidence against him. It is thus apparent that defendant has no basis for claiming that the whiskey was unlawfully seized.

■ It is unnecessary to pass upon the lawfulness of defendant's arrest because "the legality of an arrest is not necessarily determinative of the lawfulness of a search [and seizure] incident thereto." (*People* v. *Brown*, 45 Cal.2d 640, 643 [290 P.2d 528].) Furthermore, as above noted, the whiskey appears to have been seized incident to the arrest of Bolden rather than as an incident to the arrest of defendant.

■ Defendant's voluntary confession was admissible even if he were being unlawfully detained when he made it. (*Rogers* v. *Superior Court*, 46 Cal.2d 3, 10 [291 P.2d 921] ; *People* v. *Allen*, 142 Cal.App.2d 267, 286 [298 P.2d 714].)

The judgment is affirmed.

Moore, P. J., and Ashburn, J., concurred.