[Civ. No. 24853. Second Dist., Div. Two. Aug. 17, 1960.]

ROBERT R. CAMPBELL, Petitioner, v. MUNICIPAL COURT OF THE LOS ANGELES JUDICIAL DISTRICT, Respondent.

Paul K. Duffy for Petitioner.

Harold W. Kennedy, County Counsel, Donald K. Byrne, Deputy County Counsel, and Roger Arnebergh, City Attorney, for Respondent.

KINCAID, J. pro tem.*—Petition for writ of prohibition. Petitioner was charged with and, after trial by court without a jury, was convicted of violating sections 22101 and 14601, Vehicle Code. His subsequent appeal was rejected by the appellate department of the superior court and he was directed to surrender himself to serve his sentence. He now seeks writ of prohibition to restrain the court from imposing such sentence upon him.

Petitioner urges issuance of the writ upon the ground that a jury trial was never waived by him and his counsel as required by section 7 of article I of the Constitution, the pertinent portions of which are hereinafter set forth.

A portion of the reporter's transcript on appeal is affixed as an exhibit to the petition and shows the following proceedings to have ensued in division 25 of the municipal court, the division in which the trial of defendant was had:

"Mr. Dwyer: Your Honor, may we take the Campbell matter?

"The Court: People versus Robert R. Campbell.

"Mr. Duffy: Defendant is ready, Your Honor.

"Mr. Dwyer: People are ready, Your Honor. Officer, do you want to take the stand?

"The Court: Jury been waived in this matter, has it? Or has it?

"Mr. Duffy: No, Your Honor.

"The Court: Mr. Campbell, this matter is set down for trial as a jury. Do you wish to waive the jury trial at this time and have the matter tried by the court without a jury?

"Mr. Campbell: Yes.

"The Court: Thank you.

"Glen S. Moore, called as a witness by and on behalf of the People, having been first duly sworn, was examined and testified as follows:

"The Clerk: State your name, please?

"The Witness: Glen. G-l-e-n. S. Moore. M-o-o-r-e.

"Direct Examination (Whereupon the first witness was

---

*Assigned by Chairman of Judicial Council.

called and trial proceeded without any further preliminary statements made by any parties.)''

Petitioner contends the foregoing proceedings demonstrate that, although petitioner expressly indicated in the affirmative his wish to waive a jury trial and have the matter tried by the court without a jury, his counsel, Mr. Duffy, in reply to the court's inquiry as to whether jury has been waived in this matter said: ''No, Your Honor.'' He therefore urges a stay of sentence and a new trial on the ground that his attorney did not expressly join with him in such jury waiver.

Respondent municipal court has filed its return to the petition herein and denies that the trial of petitioner by the court without a jury was illegal or beyond the jurisdiction of the court and alleges that the counsel for petitioner expressly joined with the latter in waiving a trial by jury. As a part of said return a transcript of the docket of the proceedings in petitioner's case in both divisions 20 and 25 of the municipal court is attached. These show that on January 11, 1960, the following took place in division 20, the master calendar division of the court:

''Cause called.

''Judge William H. Rosenthal presiding. Both parties ready. People represented by Jack D. Scott, Deputy City Attorney. Defendant represented by Paul K. Duffy.

''People and Defendant with Counsel in open court, each personally waives jury trial.

''Transferred to Division 25 for trial.''

On the same day, January 11, the docket of division 25, a trial division, shows:

''Cause called.

''Judge Harold C. Shepherd presiding. Both parties ready. People represented by Ronald Dwyer, Deputy City Attorney. Defendant in court and represented by Paul K. Duffy.

''People and defendant with Counsel in open court each personally waives jury trial.

''The following witness was sworn and examined for the People: G. S. Moore.

''People's exhibit filed: 1. Certified copy of revocation and returned receipt.

''People rest.

''Defendant rests.

''Submitted.

''Defendant adjudged guilty on both counts:

''VIOLATION OF SECTION 14601 VEHICLE CODE—COUNT I

"VIOLATION OF SECTION 22101 VEHICLE CODE—COUNT II

"Defendant waives time for sentence."

Sentence thereupon followed.

 The foregoing transcript of docket shows that first in the master calendar division 20, and, upon transfer of the case for trial, secondly in trial division 25, the People, the petitioner-defendant and the latter's counsel each personally waived a jury trial. The reporter's transcript of the proceedings had in division 25 and the minutes of the latter division and of division 20 are conflicting and the question arises as to which of these records is controlling in the matter of whether his counsel personally joined with petitioner in expressing in open court that each waived a trial by jury. The answer to that question is to be determined from a consideration of the circumstances under which the proceedings were had. (*People* v. *Washington*, 95 Cal.App.2d 454, 456 [213 P.2d 70]; *People* v. *Hymes*, 161 Cal.App.2d 668, 674 [327 P.2d 219].)

 Counsel for petitioner now concedes that he did join with petitioner in expressly and personally waiving a trial by jury when the case was called for trial in division 20, the master calendar division of the court. The case was thereupon transferred to division 25, a trial division, as a nonjury trial. When the case was called for trial in the latter division counsel for petitioner responded: "Defendant is ready, Your Honor." Counsel for the People answered ready and said: "Officer, do you want to take the stand?" This clearly indicated counsel for the People was calling the first witness in a court trial, no jury having been empaneled or called for. The court thereupon inquired as to whether jury has been waived in this matter. Attorney for petitioner responded: "No, Your Honor." The court thereupon inquired of petitioner personally as to whether he desired to waive a jury trial at this time and have the matter tried by the court without a jury. Upon petitioner personally responding in the affirmative, the first witness was called and the trial proceeded.

The reply of petitioner's counsel to the court's inquiry as to whether jury trial had been waived in this matter may well have been to call to the attention of the court that petitioner-defendant had not expressly waived a trial by jury before this particular judge.

In *People* v. *Holmes*, 54 Cal.2d 442 [5 Cal.Rptr. 871, 353 P.2d 583], the attorney for defendant in a criminal case expressly waived trial by jury but the record was unclear as to a personally expressed waiver by the defendant. In holding

that such a waiver must be so expressed and will not be implied from a defendant's conduct the court, in part, said (p. 442, 443): "Our Constitution declares that the right of trial by jury shall be secured to all and remain inviolate. Prior to 1928 this right could not be waived in a criminal case in which the defendant was charged with a felony. In that year the Constitution was amended, and section 7 of article I now provides, 'A trial by jury may be waived in all criminal cases, by the consent of both parties, expressed in open court by the defendant and his counsel. . . .'

. . . "Experience has shown that there is sound reason for this requirement. If the waiver were left to implication from conduct, there would be a danger of misinterpretation with respect to a right the importance of which requires there be certainty. Moreover, appellate courts would be faced with the burdensome task of determining whether the facts of the particular case warrant such an implication, whereas trial courts, without any difficulty, can eliminate doubt and safeguard the rights of both the defendant and the People by obtaining express statements from the defendant, from his attorney, and from the prosecuting attorney not merely as to whether a trial by jury is desired but specifically that a jury is or is not waived."

In the instant case admittedly petitioner-defendant, his counsel and the prosecuting attorney each personally waived a trial by jury when the case was called for trial assignment in the master calendar division. On arrival shortly thereafter in the trial division the petitioner again personally waived a jury trial. Even assuming the docket in division 25 to be incorrect in that counsel for petitioner did not again, in precise words, waive a jury trial, in view of the fact that petitioner-defendant unequivocally expressed his waiver of a jury trial in the presence of his counsel and the latter thereafter continued to represent him throughout the trial without indicating any objection, his counsel has in effect joined in the waiver. (*People* v. *Brooks,* 154 Cal.App.2d 631, 634 [316 P.2d 435] ; *People* v. *Noland,* 30 Cal.App.2d 386, 388-389 [86 P.2d 363]. To the same effect see *People* v. *Rodriguez,* 175 Cal.App.2d 56, 60-61 [345 P.2d 330].)

The writ of prohibition is denied and the alternative writ is discharged.

Fox, P. J., and Ashburn, J., concurred.