[Crim. No. 4337. First Dist., Div. One. July 11, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. OTIS J. CROUCH, Defendant and Appellant.

Joseph Genser, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and Albert W. Harris, Jr., Deputy Attorney General, for Plaintiff and Respondent.

SULLIVAN, J.—Defendant appeals from a judgment of conviction of violating section 288a of the Penal Code rendered by the court sitting without a jury.[1] The sole ques-

[1]Defendant was charged in separate informations with violating sections 288 and 288a. The actions were consolidated for trial and at the conclusion thereof the information charging a violation of section 288 was dismissed by the court for want of proof that the child involved was under the age of 14 years.

158

tion presented here is whether the defendant properly waived a trial by jury. We have concluded that he did not.

The record shows that when the case was called for trial on June 26, 1962, the prospective members of the jury were present in the courtroom. It also indicates that there had been some previous discussion among counsel and the judge in regard to a jury. After the roll of the prospective jurors was called by the clerk the following occurred: "THE COURT: We will take that up later, Madam Clerk. Now, gentlemen of counsel, the district attorney and counsel for the defendant, I understand at this time you have a communication to address to the Court that will dispense with, perhaps, the members of the panel subpoenaed for jury service this morning. MR. BASSETT: May I be heard, Your Honor? THE COURT: The Court recognizes Mr. Bassett, counsel for the defendant. MR. BASSETT: May it please the Court, the defendant will stipulated [sic] with the prosecution attorney, if he is agreeable, that the jury may be dispensed with and tried by the Court. THE COURT: Is that stipulation acceptable to the prosecution? MR. MICKLES: It is, Your Honor. THE COURT: Very well. Madam Clerk, what instructions have we for this panel? THE CLERK: These jurors are to go to Department 5."

The court thereupon excused the prospective jurors and proceeded with the trial of the case without a jury.

The clerk's minutes for June 26, 1962, contained in the clerk's transcript now before us state in relevant part that "[t]he defendant with his counsel Warren Bassett and the District Attorney by Lindsay M. Mickles, deputy, appear in open Court at this time, . . . Thereupon the defendant waives a jury trial. . . ."

We have carefully examined the record and the foregoing excerpts are the only ones bearing upon the problem before us.

 Article I, section 7 of the Constitution of California provides in relevant part that: "A trial by jury may be waived in all criminal cases, by the consent of both parties, *expressed* in open court by the *defendant* and his counsel. . . ." (Italics added.) The method of waiver prescribed by the foregoing constitutional provision must be strictly followed. (*People* v. *Washington* (1949) 95 Cal.App.2d 454, 455 [213 P.2d 70]; *People* v. *Pechar* (1955) 130 Cal.App.2d 616, 617 [279 P.2d 570]; *People* v. *Walker* (1959) 170 Cal. App.2d 159, 165 [338 P.2d 536].) As said in *People* v.

*Washington, supra*: "In order that a criminal case may be tried without a jury, it is necessary that the defendant personally express in open court that he consents to a waiver of a trial by jury, and it is also necessary that the counsel for the defendant also express in open court that he consents to a waiver of a trial by jury." ▆ The defendant's waiver of his right to a trial by jury must be expressed by him personally and by the use of language in open court and will not be implied from his conduct. (*People* v. *Holmes* (1960) 54 Cal.2d 442, 443-444 [5 Cal.Rptr. 871, 353 P.2d 583] and see cases collected at p. 444; *People* v. *Walker, supra*.)

▆ In the instant case the reporter's transcript of the oral proceedings clearly shows that the defendant did not *personally* and by the *use of language* waive his right to a jury trial. Indeed such transcript, which is certified by the judge to be a full, true and correct transcript of the proceedings, shows that the defendant did not make any statement at all on the matter. The Attorney General, recognizing that the above cited cases apply, has with commendable candor advised us that in the light of the record it cannot be contended that there was the requisite express verbal waiver by the defendant himself.

Is a valid waiver, nonetheless, established on this record by the recital in the clerk's minutes that "[t]hereupon the defendant waives a jury trial . . ."? As was stated in *People* v. *Washington, supra*, 95 Cal.App.2d 454, 456, where the reporter's transcript and the minutes are conflicting and the question arises as to which is controlling in determining whether the defendant has validly waived a trial by jury "[t]he answer . . . is to be determined from a consideration of the circumstances under which the proceedings were had. [Citations.]" In *People* v. *Washington, supra*, there were two defendants represented by separate counsel. The clerk's minutes read: "Trial by jury is waived by the defendants and all counsel." Commenting on the nature and effect of this record, the court said: "The clerk was required to make a concise minute entry that would recite the ultimate fact as to whether each of five persons (the two attorneys, the two defendants, and the deputy district attorney) personally waived trial by jury. The clerk's minute entry is not a specific reference to each of the five persons, but it refers generally to 'the defendants' and to 'all counsel.' That entry is in the nature of an interpretation or conclusion by the clerk as to the meaning and legal effect of the

statements which were made regarding waiver of trial by jury. The reporter's transcript purports to be a report of all that was said on the subject of waiver of trial by jury. . . . Under one view of the matter, the minute entry that 'the defendants' waived trial by jury means that defendant Washington said that he waived a trial by jury, and that the clerk heard Washington make that statement. Under another view, the clerk, in his endeavor to make a concise recital of the ultimate fact, might have assumed from the whole discussion of waiver of a jury by the several persons, and from the absence of protest by anyone, that all the defendants and attorneys waived a trial by jury. Under another view, the clerk might have been of the opinion that the attorney for Washington could, and did, waive Washington's right to a trial by jury. Under another view, if Washington did say that he waived a trial by jury, the reporter might not have heard that statement.'' (Pp. 457-458.) The court reversed the judgment of conviction because ''[u]nder the circumstances in the present case *it is not clear* that the defendant Washington personally expressed in open court that he consented to a waiver of a trial by jury, . . .'' (P. 459; italics added.)

These principles govern us here. It is not clear from the clerk's minutes that the defendant in the instant case *personally* and by the *use of language* waived a jury trial. As observed in *People* v. *Washington, supra,* the clerk's minute entry quoted above does not necessarily mean that the defendant expressed his waiver in words and that the clerk heard such words. The entry may very well represent the clerk's *interpretation* of what transpired and merely the clerk's *conclusion* that the defendant had waived a jury trial *because of the statements made by his counsel.*

▆▆▆▆ As was said in *People* v. *Pechar, supra,* 130 Cal. App.2d 616, 617, ''[t]he right to trial by jury in a criminal case is a sacred one and accordingly the method of waiver provided in the Constitution must be strictly followed.'' If this is not clear from the record, no valid waiver has been effected.

The judgment is reversed.

Bray, P. J., and Molinari, J., concurred.