[Crim. No. 6512.   First Dist., Div. Four.   Sept. 16, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN NARY EVANSON, Defendant and Appellant. .

Jay R. Mayhall, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., Assistant Attorney General, Robert Granucci, and Horace Wheatley, Deputy Attorneys General, for Plaintiff and Respondent.

CHRISTIAN, J.—After a nonjury trial, defendant appeals from a judgment convicting him of three counts of felony (violation of Health and Safety Code section 11531, sale of marijuana). Consideration of the contentions advanced on appeal does not require a detailed recital of the facts. We have reviewed the record and find that there was ample evidence that appellant gave two marijuana cigarettes to Officer Julius Beretta on January 30, 1967 (count 1), that appellant actively participated in the sale of three kilograms of marijauna to Officer Beretta on February 3 (count 2), and that on February 8 appellant took part in the sale of another kilogram of marijuana to Officer Beretta (count 3).

The Attorney General justly concedes that on count one the judge actually found appellant guilty of the included

offense of possession and that the abstract of judgment reflected a clerical error in reciting that under count one there was a conviction of a sale. Possession of marijuana (Health & Saf. Code, § 11530) is an offense included within the charge of sale. (*People* v. *Rosales* (1964) 226 Cal.App.2d 588 [38 Cal.Rptr. 329].) Accordingly it is appropriate to modify the judgment to conform to the court's actual determination.

The principal issue presented in this appeal is whether there was a valid waiver of defendant's right to trial by jury. California Constitution, article I, section 7, provides in part that ''A trial by jury may be waived in all criminal cases, by the consent of both parties, expressed in open court by the defendant and his counsel, . . .'' The questioned waiver occurred as follows:

''Mr. Sposeto [defense counsel] : Ready to proceed, Your Honor. The defendant at this time, Your Honor, is going to waive his right to a jury. Stand up, Mr. Evanson, please. I have explained to Mr. Evanson his constitutional rights to a jury trial and explained to him the nature of a criminal case. He understands that and he desires to proceed without the necessity of a jury.

''The Court: Very well. Is that agreeable with you, Mr. Evanson?

''The Defendant: Yes sir.

''The Court: All right.

''Mr. Chang: Ready for the People.

''The Court: All right. You may proceed.''

Citing *People* v. *Crouch* (1963) 218 Cal.App.2d 157 [32 Cal.Rptr. 141], appellant contends that any jury waiver which may be drawn from the foregoing language is only implicit and is therefore ineffective. It is true that mere acquiescence, or nonverbal conduct on the part of the accused, does not effect a waiver of trial by jury. (*People* v. *Holmes* (1960) 54 Cal.2d 442 [5 Cal.Rptr. 871, 353 P.2d 583].) But here appellant's response was verbal and explicit : ''Yes sir'' to the court's question, ''Is that agreeable with you, Mr. Evanson?'' Therefore, we proceed to appellant's next contention, which is that the judge's question was ambiguous in referring to an antecedent statement by defense counsel which included four separate elements. The somewhat offhand language used by the judge certainly does not represent good usage; it would have been better if the judge had, consistent with the practice usually followed by the judges of this state, asked the accused directly whether he waived his right to trial by jury. But counsel's four-point statement

which the judge referred to began with the declaration that the defendant "is going to waive his right to a jury." The further recitals dealt directly with the intended waiver and the final words explicitly stated "he desires to proceed without the necessity of a jury." Thus we do not see how the court's question could have been taken as referring to anything but a jury waiver; hence defendant's affirmative response, which both referred to the import of the court's question and adopted counsel's statement, was a waiver by language of the right of trial by jury. (Cf. *People* v. *DiBlasi* (1961) 198 Cal.App.2d 215, 221 [18 Cal.Rptr. 223]; *People* v. *McDaniel* (1958) 157 Cal.App.2d 492, 497 [321 P.2d 497].)

Appellant further complains that defense counsel and the prosecutor did not join in the waiver. But it is settled that where an express waiver has been received from the defendant, the acquiescence of defense counsel and the prosecutor will be given effect as implied waivers. It is only the waiver of the defendant himself that must be expressed in language. (*Campbell* v. *Municipal Court* (1960) 183 Cal.App.2d 790 [7 Cal.Rptr. 387]; *People* v. *Brooks* (1957) 154 Cal.App.2d 631 [316 P.2d 435].)

Pointing to *Duncan* v. *Louisiana* (1968) 391 U.S. 145 [20 L.Ed.2d 491, 88 S.Ct. 1444] the recent holding of the United States Supreme Court that due process guarantees trial by jury in state prosecutions for all but petty offenses, appellant contends that the judge should not have accepted a waiver of trial by jury without first giving him full advice concerning his rights and ascertaining through a procedure comparable to that required for an effective waiver of counsel that the waiver was competent. (Cf. *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]; *In re Johnson* (1965) 62 Cal.2d 325 [42 Cal. Rptr. 228, 398 P.2d 420].) There is good reason for requiring the court to ascertain that a waiver of counsel is a knowing and intelligent act before allowing an accused person to proceed without counsel: all the constitutional rights and procedural safeguards which have been created for the protection of the accused are liable to be nullified if the accused does not have counsel. But where a defendant is represented by counsel it is to be expected that counsel will intentionally refrain from asserting, or advise waiver of, certain constitutional rights from time to time in his choice of defense tactics. It is not necessary that whenever such a tactical waiver occurs the court interrupt the proceedings to advise defendant of the

right which is to be waived and question him to ascertain whether the waiver is made with full appreciation of the consequences. The importance to each defendant of the question whether to be tried by judge or jury is emphasized by the requirement of California Constitution, article I, section 7, that any jury waiver be expressed by the defendant personally. Nevertheless, it seems to us that the waiver of a jury peculiarly involves tactical considerations which the defendant himself is ill equipped to appraise. Usually the most important of these considerations is a comparison of the decisional records of local judges and juries in similar cases. The judge could hardly expound upon such matters for the benefit of the defendant without being either misleading or unseemly; the defendant would hardly be helped by any explanation which the judge could properly give him. Therefore, although the choice is properly to be expressed by the defendant personally, he would do well to be guided by the advice of counsel. We find no error in the acceptance of the waiver.

Miscellaneous subsidiary points raised by appellant do not require extended discussion. ■ First it is contended that the court's comments in regard to the evidence received in relation to count three indicated a predetermination that appellant was a seller of marijuana. These comments (for example, a question addressed by the court to a witness other than appellant, "You didn't want to make the sale to Mr. Beretta, is that it? A. Right. Q. So you wanted Mr. Evenson to make the sale?") go no further than to refer to the state of the evidence at the times in question. They were not error. Appellant next contends that three exhibits containing marijuana were never admitted in evidence. Actually, all three exhibits were offered and were received without objection. ■ Finally it is contended that the evidence was insufficient to repel the defense of entrapment. But the evidence showed only that Officer Beretta posed as a willing buyer; there was no evidence tending to show an entrapment. (*People* v. *Benford* (1959) 53 Cal.2d 1, 10 [345 P.2d 928].)

The judgment is modified by reducing count one to a conviction of violation of Health and Safety Code section 11530. As so modified, the judgment is affirmed.

Devine, P. J., and Rattigan, J., concurred.

A petition for a rehearing was denied October 16, 1968, and appellant's petition for a hearing by the Supreme Court was denied November 13, 1968.