**Coties Lee PACE, Petitioner,**

v.

**Louis S. NELSON, Warden, San Quentin Prison, Respondent.**

**No. 70–818.**

United States District Court,
C. D. California.

Dec. 23, 1970.

Coties Lee Pace, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Robert W. Carney, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

HAUK, District Judge.

## MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner is in state custody at San Quentin Prison following his conviction in Los Angeles County Superior Court for violations of California Penal Code, § 207 (Kidnapping), § 211 (Robbery, First Degree) and § 487, subd. 3 (Grand Theft). On May 12, 1968, after a non-jury trial, he was sentenced to the term prescribed by law for the latter two counts, to be served concurrently, and no sentence was imposed on the kidnapping count. A prior conviction was found to be true and probation in two previous cases was revoked. These sentences were also ordered to run concurrently.

Petitioner's conviction was affirmed April 22, 1969, by the District Court of Appeal, Second Appellate District, and no hearing was sought in the California Supreme Court. Petitions for writs of habeas corpus were filed in the Superior Court of Marin County, the District Court of Appeal, First Appellate District, and the California Supreme Court. All of these were denied. It should be noted that the issues raised here were not presented on appeal but were raised in the state habeas corpus petitions (Response, pp. 1, 2). Therefore, Petitioner has exhausted his state remedies.

Petitioner, in this Petition for Habeas Corpus, contends that his constitutional rights were violated in that:

(1) Petitioner was denied compulsory process to secure witnesses at his trial.

(2) There was not an intelligent waiver of right to trial by jury.

(3) Trial counsel was ineffective.

After reviewing the Petition, the Response, the points and authorities of both parties and the various documents filed in this case, including the Reporter's Transcript and the affidavit of trial counsel, this Court is fully advised in the premises and orders that this Petition for Writ of Habeas Corpus be denied for the following reasons.

■ FIRST. It is obvious, as contended by respondent, that most of petitioner's allegations are vague and conclusory, leaving nothing solid on which this court can find any denial of access to witnesses. Schlette v. California, 284 F.2d 827 (9th Cir. 1960); Boehme v. Maxwell, 423 F.2d 1056 (9th Cir. 1970). He does not even name the witnesses which allegedly were denied to him.

Moreover, the record shows that the Court granted continuances for the express purpose of obtaining witnesses for the defense (R.T. 41, 42). At the time of hearing of the motion for new trial, continuances were granted on February 15, 1968 (R.T. 60) and on February 23, 1968 (R.T. 79) and March 7, 1968 (R.T. 80, 92). Although petitioner did not name any witnesses, his testimony January 23, 1968, referred obliquely to a Charles Bowers (R.T. 49) and to an Ernest Collins (R.T. 50).

■ Bowers was in custody at that time, and there is no showing that any attempt was made to have him present. He did appear, however, and testify at the motion for a new trial February 21 (R.T. 62) and on March 12 (R.T. 93). Bowers' testimony purported to substantiate petitioner's alibi and attempted to discredit the victim, Arthur Palmer, but the Court did not believe him (R.T. 112) and clearly set forth the reasons for its decision. Habeas corpus cannot be used to test the sufficiency of the evidence, Fernandez v. Klinger, 346 F.2d 210 (9th Cir. 1965), and attacks upon evidence and upon the veracity of witnesses can only be challenged on appeal, Schlette v. California, 284 F.2d 834 (9th Cir. 1960).

The reference to the putative witness Collins by petitioner was that he had told Collins where he got the car involved in these charges. Apparently

Collins, if called, could have testified what petitioner told him, but is nothing more that self-serving hearsay. He had no independent information to bolster petitioner's defense according to the affidavit of trial counsel (Resp. 15) and petitioner does not state the substance of testimony to be offered by this or any other witness. At the outset of the trial, the statement was made that Collins had been present and promised to return. When he did not do so, the Court offered to issue a bench warrant for the witness (R.T. 8), but petitioner and his counsel declined the offer. Surely there is no proof of the allegation that compulsory process was denied.

■ SECOND. As to the waiver of jury trial, there is no question that this is a right which can be waived. Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930); California Constitution, Art. 1, § 7; People v. Evanson, 265 Cal.App.2d 698, 71 Cal. Rptr. 503 (1968); People v. Kranhouse, 265 Cal.App.2d 440, 71 Cal.Rptr. 223 (1968). Here the Court ascertained that petitioner and counsel had discussed the matter, and both clearly gave their consent (R.T. 6, 7). Petitioner now contends that his age and intelligence, including the fact that he had only a fourth grade education, were not taken into consideration. None of these matters were raised at trial or on appeal. Further, since he testified personally and was cross-examined, the Court had an opportunity to determine his intelligence and understanding. Inasmuch as the privilege to have a jury may be waived, Simons v. United States, 119 F. 2d 539 (1941), the burden is on petitioner to show that the jury waiver was not an intelligent and knowing waiver. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). This he has not done, nor will it suffice to allege that he was "fraudulently induced by both his counsel and the prosecuting attorney to waive his right to a jury trial with Court agreement." (Pet. 10).

■ THIRD. Finally, petitioner claims that counsel was inadequate and incompetent because he did not make any defense, including the nominal one of cross-examination; failed to familiarize himself with the facts of the case; encouraged petitioner to waive a jury and right to confrontation of witnesses; and cooperated with the prosecuting attorneys to induce petitioner fraudulently to waive jury and confrontation rights.

These charges are frivolous. Counsel was familiar with the case and did present an affirmative defense by having petitioner testify (R.T. 46) and by bringing in Bowers as a defense witness at the motion for new trial (R.T. 62, 94). The Affidavit explained the reason for not calling Bowers originally at the trial (Resp. 15), and counsel's viewpoint is substantiated by the Court's ruling in not believing Bowers' testimony. All witnesses for the prosecution were cross-examined (R.T. 36, 40, 21, 85, 88, 108).

There can be no question that counsel may waive certain rights of an accused (if there was a waiver, other than that of trial by jury). Henry v. Mississippi, 379 U.S. 443, 451–452, 85 S.Ct. 564, 13 L.Ed.2d 408 (1962); Wilson v. Gray, 345 F.2d 282, 288–289 (9th Cir. 1965). Nothing in the record, and no facts alleged in the petition support the bald statement of any fraudulent cooperation between counsel and the prosecutor. Certainly counsel's representation was well within the standards set down in Brubaker v. Dickson, 310 F.2d 30, 37 (9th Cir. 1962), nor can it be said that he was "so incompetent or inefficient as to make the trial a farce or a mockery of justice." Dalrymple v. Wilson, 366 F.2d 183, 185 (9th Cir. 1966).

■ We agree with the Ninth Circuit in holding that counsel was not necessarily inefficient for failing to do something which might have been done. Petitioner must show "that he had a point of real substance which was lost. We cannot find it." Chavez v. Craven, 428 F.2d 185 (9th Cir. 1970).

Petitioner is not entitled to any relief since he does not demonstrate that he is

"in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c) (3); In re Burrus, 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 500 (1890); and Martinez v. Wilson, 357 F.2d 173 (9th Cir. 1966).

Therefore, it is hereby ordered that the Petition for Writ of Habeas Corpus be, and the same is, denied.