Filed 2/25/16  P. v. Chaves CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JESUS SANCHEZ CHAVES,<br><br>        Defendant and Appellant. | A144066<br><br>(Sonoma County<br>Super. Ct. No. SCR638272) |

A jury found defendant Jesus Sanchez Chaves guilty of six sex-related offenses and various accompanying enhancements, for which he was sentenced to state prison for an aggregate term of 69 years to life.  On this timely appeal, defendant advances two contentions which challenge only one of the convictions, namely, that for violating subdivision (b) of Penal Code section 288 (section 288), by forcibly committing a lewd or lascivious act upon a child under the age of 14.  Defendant's first contention is that the trial court abused its discretion by allowing amendment during trial of the section 288 charge from non-forcible to forcible.  His second contention is that, having allowed the amendment, the trial court was required to instruct on the lesser included offense of the non-forcible violation of section 288.

Following a two-day preliminary examination, defendant was ordered held to answer on the six charges specified in the criminal complaint.  There was one difference between the charges in the complaint and the charges found by the magistrate.  In count II of the complaint it was alleged that defendant "did, in the County of Sonoma, State of California, on or about the 11th day of August 2013, violate Section 288(b)(1) of

1

the PENAL CODE, a felony, in that He did willfully, unlawfully, and lewdly commit a lewd and lascivious act upon and with the body and certain parts and members thereof of JANE DOE . . . , a child under the age of fourteen years, with the intent of arousing, appealing to, and gratifying the lust, passions, and sexual desires of the said defendant and the said child, by use of force, violence, duress, menace, and threat of great bodily harm." (Bold type omitted.)  The magistrate (Hon. Gary Medvigy), however, concluded "there was no testimony as to any force," and so found the charge was "288a, non-forcible lewd and lascivious touching of the child under the age of 14."  Count II as alleged in the ensuing information was for a violation of section 288, subdivision (a), without the element of "force, violence, duress, menace, or fear of immediate and unlawful bodily injury" justifying the greater penalties of subdivision (b).[1]

At the close of its case-in-chief, the prosecution made an oral motion to amend count II of the information to conform to proof to allege the forcible violation of section 288.  After the defense had rested, and without objection from the defense, Judge Medvigy granted the prosecution's motion to amend the information to allege a violation of subdivision (b) of section 288.

Defendant contends the amendment was procedurally improper under Penal Code section 1009 because it was made in the face of the magistrate's finding that no evidence of force was shown by the evidence at the preliminary examination.  He also contends it violated his due process right to notice of the charges he would confront at trial.  Finally, if his trial counsel's failure to raise these points works a forfeiture of his right to have the

---

[1] The two subdivisions provide in pertinent part:
"(a) . . . [A]ny person who willfully and lewdly commits any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years.
"(b)(1)  Any person who commits an act described in subdivision (a) by use of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person, is guilty of a felony and shall be punished by imprisonment in the state prison for 5, 8, or 10 years."

amendment reviewed here, defendant cites that inaction as proof he received ineffective assistance from that attorney.

Defendant correctly anticipated the Attorney General would claim trial counsel's failure to object failed to preserve the point for review.  The forfeiture claim is almost certainly valid (*People v. Fernandez* (2013) 216 Cal.App.4th 540, 555; *People v. Walker* (1959) 170 Cal.App.2d 159, 163; but see *People v. Valladoli* (1996) 13 Cal.4th 590, 606 [due process notice claim that amendment "led to additional punishment in violation of the federal Constitution" considered for first time on appeal]), but the ineffective assistance claim requires that the merits be considered.

"An indictment . . . or information may be amended . . . unless the substantial rights of the defendant would be prejudiced . . . .  An indictment or accusation cannot be amended so as to change the offense charged, nor an information so as to charge an offense not shown by the evidence taken at the preliminary examination."  (Pen. Code, § 1009.)

"A court may allow amendment of an accusatory pleading at any time up to and including the close of trial so long as there is no prejudice to the defendant.  [Citation.] . . . 'Section 1009 specifically proscribes amending an information to charge an offense not shown by the evidence taken at the preliminary hearing.'  [Citation.]  [¶]  '[T]he role of the accusatory pleading is to provide notice to the defendant of the charges that he or she can anticipate being proved at trial.'  . . .  ' "[A]t a minimum, a defendant must be prepared to defend against all offenses of the kind alleged in the information as are shown by evidence at the preliminary hearing to have occurred within the timeframe pleaded in the information." [Citations.]' " (*People v. Arevalo-Iraheta* (2011) 193 Cal.App.4th 1574, 1580–1581.)

The setting here is hardly the usual context for examining this type of claim.  This is not the far more common situation where the prosecutor refiles a charge that the magistrate has refused to find.  This is not an instance where the magistrate made a factual finding, such as credibility, that would be fatal to reinstating a charge.  It seems more accurate to describe what happened here is that the trial judge reconsidered the

sufficiency of the preliminary examination record to support a forcible violation of section 288. The fact that Judge Medvigy was in effect reexamining his own conclusion from the preliminary examination is an intriguing feature, but not one with legal significance. That conclusion was essentially one of law—whether the evidence produced at the preliminary examination was legally sufficient to establish a forcible violation of section 288. "The authorities . . . confirm that a charge may be . . . reasserted only where the magistrate was incorrect in his or her assessment of the evidence presented at the preliminary hearing." (*People v. Graff* (2009) 170 Cal.App.4th 345, 361; see *People v. Slaughter* (1984) 35 Cal.3d 629, 639 ["if the magistrate dismisses a charge when the evidence provides a rational ground for believing that defendant is guilty of the offense, his ruling is erroneous *as a matter of law . . . .*"]; *People v. Superior Court* (*Henderson*) (1986) 178 Cal.App.3d 516, 521 ["A magistrate's legal conclusion that the evidence is legally insufficient to support a holding order does not preclude the prosecutor from refiling . . . ."].) Thus, if Judge Medvigy's initial assessment was incorrect, "an amendment at trial . . . would not violate due process, because . . . defendant was on notice from the preliminary hearing as to what charges he might potentially have to be prepared to defend against at trial." (*People v. Pitts* (1990) 223 Cal.App.3d 606, 906.)

There is no dispute that count II dealt with an incident in defendant's bedroom. The victim testified at the preliminary examination that she went into the room to retrieve a stuffed animal she had playfully thrown at him. Defendant "came up to me and started touching me" on "my chest area . . . like, my breast" and "in between my legs." "I tried to like, walk away" but defendant "grabbed my arm and . . . pulled me towards him." The prosecutor asked: "How hard would you say he pulled you?" The victim replied: "Hard enough. Hard enough to pull me towards him." Defendant then "pointed to the pool room, and then we started walking out" of the bedroom. It was in the pool room that additional offenses were committed until the victim's mother came on the scene.

Our Supreme Court has held that the "level of force . . . necessary to support . . . the harsher penal consequences of a conviction under section 288(b) [is that] . . . the force

4

used . . . be 'substantially different from or substantially greater than that necessary to accomplish the lewd act itself.' " (*People v. Soto* (2011) 51 Cal.4th 229, 242.)  The evidence received at the preliminary examination demonstrates, as Judge Medvigy initially concluded, that force was not a component of the violation of section 288.  There was no application of force to prevent the victim from crying out (as in *People v. Gilbert* (1992) 5 Cal.App.4th 1372), or from escaping so that the offensive groping could begin or continue (as in *People v. Neel* (1993) 19 Cal.App.4th 1784; *People v. Babcock* (1993) 14 Cal.App.4th 383; and *People v. Stark* (1989) 213 Cal.App.3d 107).  There was no evidence of a preexisting history or pattern of behavior that might be construed as lingering intimidation (as in *People v. Hecker* (1990) 219 Cal.App.3d 1238).  The force was not transactionally related to the completed lewd acts in the bedroom.  If anything, the force was a transactional prelude to what occurred subsequently in the pool room.  Granting the prosecutor's trial motion to amend was thus error.  Given that it in effect added an element to the offense defendant would immediately have to defend against, the error must be deemed prejudicial to his substantial rights.  (See *People v. Graff*, *supra*, 170 Cal.App.4th 345, 362 and authorities cited.)

This conclusion moots defendant's remaining contention, that it was error not to instruct on the lesser offense of a violation of section 288 accomplished without force.

However, the error does not require either a reversal or a retrial.  Defendant concedes he would have been properly convicted of violating subdivision (a) of section 288, and is willing to have this court modify the judgment accordingly.[2]  We agree this is appropriate, but it will not entirely eliminate further action by the trial court.  Count II was chosen by Judge Medvigy as the principal term for calculation of defendant's determinate term.  Remand is also appropriate in order that Judge Medvigy may have the opportunity to recalculate the composition of defendant's determinate term.

---

[2] This is an apparent reference to the authority granted us by Penal Code section 1260 to "modify a judgment or . . . reduce the degree of the offense . . . ."  This authority includes reducing a conviction to a lesser included offense.  (See *People v. Navarro* (2007) 40 Cal.4th 668, 677–678 and authorities cited.)

The judgment of conviction is modified by showing that on count II defendant stands convicted of violating Penal Code section 288, subdivision (a). The cause is remanded to the trial court for resentencing. The judgment is affirmed in all other respects. The clerk of the trial court is directed to prepare an amended abstract of judgment, and to forward a certified copy to the Department of Corrections and Rehabilitation.

                                                _____

                                                Richman, Acting P.J.

We concur:

_____

Stewart, J.


_____

Miller, J.

A144066; *P. v. Chaves*